23 So.2d 396

## CLAYTON v. STATE.
### 4 Div. 836.

Court of Appeals of Alabama.
April 17, 1945.

Rehearing Denied May 15, 1945.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

W. L. Lee & Alto V. Lee, III, of Dothan, and John C. Walters, of Troy, for appellant.

CARR, Judge.

Appellant, under the second count of the indictment, was convicted of arson; more specifically that he willfully set fire to or burned or caused to be burned, or aided in the burning of an automobile, the property of Paul E. Pratt.

An analysis of the tendencies of the evidence will not add any value to this opinion in the view we take of the questions presented by this record.

There nowhere appears in the record a tendered written request for the general affirmative charge in appellant's behalf. No motion for a new trial was presented.

■ Under the caption in the record, "Written Refused Charges," we find two unnumbered written charges. Both are signed by the trial judge, but neither bears the endorsement "given" or "refused." Clearly, the mandates of the statute appertaining were not observed, and we are not privileged to review the action of the primary court in his treatment of the two charges in question. The fact that they are set out in the record under the endorsement of the clerk that they were refused does not authorize an extension or alteration of the rule. Title 7, § 273, Code 1940; Mason v. State, 16 Ala.App. 405, 78 So. 321; Kiker v. State 233 Ala. 448, 172 So. 290; Berry v. State, 231 Ala. 437, 165 So. 97.

■■ It is insisted in brief of counsel for appellant that the lower court was in error in admitting in evidence an alleged statement of confession made by the defendant. It is, of course, well recognized that confessions in criminal cases are prima facie inadmissible and their admissibility cannot be accepted unless it is shown to the trial court that they were voluntarily made. Washington v. State, 53 Ala. 29; Kinsey v. State, 204 Ala. 180, 85 So. 519. In the instant case a sufficient predicate was based before the statement was admitted in evidence. The fact that the defendant, when testifying in his own behalf, gave evidence that he was maltreated, beaten and otherwise abused and, on this account and in fear of additional bodily harm, he made admissions indicating his guilt which were not true, does not clothe this court with the authority to accept the evidence of the defendant relating to the matter and to reject that of the State's witnesses evidencing a contrary state of facts. Goodwin v. State, 102 Ala. 87, 15 So. 571; Bozeman v. State, 21 Ala.App. 457, 109 So. 366.

We find no error in the record, and the judgment of the lower court is ordered affirmed.

Affirmed.

On Rehearing.

PER CURIAM.

On application for rehearing it is first urged in brief of counsel for appellant that the lower court erred in overruling objections to a portion of the solicitor's argument to the jury.

The record discloses: "During the argument, Mr. Borders, the State Solicitor, stated that the defendant stated that he burned the car and that if he burned it at the instance of Pratt it would be a violation of the law. Mr. Lee objected to this argument and the court overruled the objection and the defendant duly excepted."

■ Appellant was originally indicted under two counts of the indictment, jointly with one Pratt, the alleged owner of the automobile which was burned. At some place in the proceeding of the trial, the record does not show when, the lower court entered a nolle pros as to Count One of the indictment. It is insisted in brief here on application for rehearing that, since Count One of the indictment was nol prossed, the statement of the solicitor in question was a misstatement of the law applicable to the remaining Count Two and therefore should have been disallowed by the primary court. Assuming, but not deciding, that there is merit in this position, this court has no way of determining from the record at what time in the proceedings the court below eliminated Count One by a nolle pros. From aught appearing, both counts may have been included in the issues before the court at the time the aggrieved statement was made; in which event, clearly the allegations of Count One of the indictment and the evidence in support thereof justify the assertion by the solicitor.

■ It is well established by many authorities that on appeal appellant carries the burden of showing reversible error, and all doubts arising on the face of the record must be construed most strongly against the excepter. The presumption is always favorable to the rulings of the lower court, if there is nothing appearing to the contrary. Ballard v. State, 236 Ala. 541, 184 So. 260; Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann.Cas.1916A, 543.

Opinion extended and application overruled.