42 So.2d 36

## INGRAM v. STATE.
### 7 Div. 5.

Supreme Court of Alabama.
June 30, 1949.

Miller & Pittman, and E. G. Pilcher, of Gadsden, for petitioner.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., opposed.

· FOSTER, Justice.

The questions presented by petitioner on this appeal are (1) whether appellant's confession was improperly admitted and (2) whether the court improperly sustained the State's objection to the offer of appellant while testifying on direct examination to say that at the time he made a written confession he was frightened and afraid.

(1) Appellant was tried and convicted for shooting his wife. This occurred in Gadsden, Alabama, and appellant fled to Opelika, Alabama, where he was arrested five or six days later. The opinion of the Court of Appeals states the evidence material as to whether the confession was voluntary, as follows:

"The appellant was arrested and jailed in Opelika around 7 P.M. We gather from the record that on that same night police officers of Gadsden arrived in Opelika around 11:45 P.M., and appellant being given into their custody they started back

to Gadsden within about fifteen minutes. On their arrival in Gadsden around 3:30 A.M. they placed appellant in a jail cell by himself. In the late afternoon appellant was taken to a room in the jail and interviewed by two police officers of the City of Gadsden, one of whom was Detective Cartee. During this interview appellant signed a statement confessory in nature, but in which appellant in nowise claimed that the deceased was attacking him with an ice pick at the time the gun was fired.

"Mr. Cartee testified that no threats, inducements, rewards or hope of reward were made or held out to appellant to induce him to make a statement, but on the other hand the appellant's actions were entirely voluntary.

"He further testified that appellant did not bear signs of mistreatment when he first saw him in the jail at Opelika, and he was not in any way mistreated on the drive from Opelika to Gadsden. Appellant did not bear any signs of mistreatment when he saw him at the interview when the statement was signed, nor did appellant make any claim that he had been mistreated in any way by anyone during the time he was in the Opelika jail or in the Gadsden jail. * * *

"During the examination of Mr. Cartee looking toward establishing the predicate of the voluntariness of appellant's confession the record shows that the court addressed certain questions to the witness as follows:

" 'The Court: Any scars or bruises about him?

" 'The Witness: No, sir.

" 'The Court: Did he appear in pain or comfortable and at ease.

" 'The Witness: Normal.

" 'The Court: He didn't seem nervous or anything of that kind?

" 'The Witness: No, sir.

" 'The Court: Overrule the objection.

" 'Mr. Pilcher: We reserve an exception.' "

And later stated that:

"While testifying in his own behalf the appellant claimed that some person in

Opelika threatened to strike him, but never did, and that his request that an Opelika attorney be sent for was refused. He also claimed that some one in the Gadsden jail had threatened him, but he could not remember that he was threatened during the time he was in Mr. Cartee's presence.

"In our opinion Mr. Cartee's testimony clearly established prima facie the voluntary character of this appellant's confession. The fact that appellant gave testimony, which if believed, tended to show coercion does not authorize us to conclude that the trial court erred in determining that this confession was voluntary. Clayton v. State, 32 Ala.App. 124, 23 So.2d 396."

The court overruled an objection which invoked the principle of due process under the socalled McNabb Rule. McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819. The Court of Appeals observed in that connection, among other things:

"Actually in the present case there is no showing in the record as to when a commitment was obtained against this appellant. We pretermit consideration of the effect of this omitted showing however, for we do not consider that the McNabb Rule is binding on us. In Townsend v. Burke, 334 U.S. 736, 738, 68 S.Ct. 1252, 1254, 92 L.Ed. 1690, the United States Supreme Court said in reference to the McNabb Rule: 'But the rule there applied was one against use of confessions obtained during illegal detention and it was limited to federal courts, to which it was applied by virtue of our supervisory power.' See also dissenting opinion of Justice Reed in the Upshaw case, supra, 335 U.S. 410, 69 S.Ct. at page 172, 93 L.Ed. ——. It must also be noted that Justice Black, who wrote the majority opinion in the Upshaw case, supra, made it clear that the holding was not placed on constitutional grounds."

■ We agree with the opinion of the Court of Appeals in this respect. The quotation in their opinion from Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690, refers to the McNabb case, supra, as holding that confessions obtained while the party is illegally detained is violative of federal procedure and is not applicable to state procedure. An analysis of the McNabb case, supra, illustrates the meaning of the Townsend case, supra. For it is there said that when confessions are secured by protracted and repeated questioning of ignorant and untutored persons in whose minds the power of officers was greatly magnified, convictions based on them will be set aside in federal and state courts; and it was also held that this rule did not apply in state courts to a confession induced merely by an illegal detention when evidence so obtained is admissible under state law, but did so apply in federal courts. Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170; Stone v. State, 208 Ala. 50, 93 So. 706.

■ But the rule which renders incompetent confessions which are obtained by protracted and repeated questioning of ignorant and unlearned persons does apply to state courts. Lisenba v. California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166; Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716; Ward v. Texas, 316 U.S. 547, 62 S.Ct. 1139, 86 L.Ed. 1663. The question is controlled by the whole body of circumstances accompanying illegal detention.

■ We do not think that the circumstances under which the confession was obtained are sufficient to deny its use as evidence to appellant because of due process. Phillips v. State, 248 Ala. 510, 28 So. 2d 542.

(2) The defendant offered to prove by his own testimony that at the time he signed a confession he was frightened or afraid. The court sustained the objection of the State.

On appeal to the Court of Appeals they affirmed, but the members of the court differed in the application of some of our cases.

■ We think it is clear that when fear is entertained by a witness and it is material in a controversy being tried in court, that witness may properly be asked on direct examination whether he entertained such fear. We think such question is permissible, and supported by our cases,

and not limited to a situation where there are discrepancies sought to be explained as it is where the offer is to prove uncommunicated motive or intention.

In the case of McGuff v. State, 248 Ala. 259, 27 So.2d 241, the Court was dealing with an offer by defendant on direct examination to prove his purpose in proceeding to a certain place to illustrate his conduct when he arrived there. We held that since that was his uncommunicated motive in going there, it was not permissible on such examination. We pointed out the difference between such character of proof and that which goes to the physical fact and effect of fear, as in Alabama Power Co. v. Edwards, 219 Ala. 162(13), 121 So. 543. Fear is usually accompanied with physical manifestations supporting or contradicting the testimony. Whereas the mental operation of having a motive or intention has no such manifestation. The same is true as to mental anguish. Walling v. Fields, 209 Ala. 389, 96 So. 471. In the McGuff case, supra, we fully recognized what was said in the Edwards case, supra, about the method of proving the physical status of fear and the legal right to prove fear by the witness on direct examination when it is material. This was also approved in Scott v. State, 249 Ala. 304, 30 So.2d 689.

The Court of appeals has referred to the case of Kinsey v. State, 204 Ala. 180, 85 So. 519, for a discussion of the subject. In that case, this Court justified the admissibility of evidence by a witness on direct examination that he was afraid when it was material in the case as to whether a confession was voluntary by applying to it the principle that motive or intention is admissible if it has a tendency to shed light on discrepancies in statements made by the witness with respect to the matter, which is an exception to the general rule. But that is only one instance in which it is material, but it is not a condition to its materiality in all cases.

The judges of the Court of Appeals in this case differ as to whether or not such discrepancies exist as to justify an application of the exception above noted. But in the Edwards case, supra, and in the Kinsey case, supra, as well as the Scott case, supra, in dealing with the question of fear, this Court did not confine it to a situation where any such discrepancy existed, but in the Edwards case based the conclusion upon the fact that fear is an involuntary physical effect such as heat, sickness and physical pain, and for that reason it is different from the mere voluntary mental action of entertaining a motive or intention which was not communicated or otherwise expressed. And so we do not think, upon the basis of the Kinsey case, or of the Edwards case, supra, which we approved in the McGuff case and in the Scott case, supra, that to support such testimony it is always necessary to do so upon the idea of shedding light upon discrepancies or statements made by the witness. Those cases did not so confine it.

Such testimony must be material to some of the issues in the case to be admissible. On the question of self-defense it was material whether deceased was making an attack on defendant with an ice pick. In his confession defendant omitted making such statement but in his testimony he stated that it so occurred. On such a disputed issue we think evidence of fear when the confession was made was material on the value of the confession as evidence on that issue and its exclusion by the court should not be said to be without injury. Brown v. State, 249 Ala. 412, 31 So.2d 684; Birmingham Southern R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339.

The judgment of the Court of Appeals is reversed and the cause remanded to that court.

Reversed and remanded.

BROWN, LIVINGSTON, LAWSON, SIMPSON, and STAKELY, JJ., concur.