262 So.2d 321

Herman REED

v.

STATE.

1 Div. 157.

Court of Criminal Appeals of Alabama.

May 9, 1972.

John L. Lawler, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

PER CURIAM.

This appeal is from a judgment of conviction of robbery with sentence of fifteen years imprisonment.

Briefly, the State's evidence shows that on the night of January 14, 1970, three men entered Larry's Drive-In on Bay Bridge Road about 9:30 P.M. and took from the cash register an amount of money. One of them said to the attendant, Donald Morris, "This is a holdup . . .

Just hold it, don't move," and, "Open the cash register." Morris opened the cash register as directed and after one of the men took the money the three left immediately. Each of the three was armed with a pistol. One pressed a pistol against the side of Morris when the demand to open the cash register was made. Two wore masks and one had a stocking pulled partly over his face. When they left they headed toward the Happy Hill area.

The appellant did not testify nor did he offer any other testimony.

Robbery is defined as "the felonious taking of money or goods of value, from the person of another, or in his presence, by violence to his person, or by putting him in fear." Douglass v. State, 21 Ala.App. 289, 107 So. 791.

The corpus delicti was made out prima facie by the State opening the way for the admission of a confession.

On March 12, 1970, Officers Sells and Rigby of the Pritchard Police Department arrested the appellant without a warrant in the town of Saraland on a charge of "D. and S." (Dangerous and Suspicious) and booked him at the Pritchard City Jail. A Saraland policeman was nearby but did not assist in the arrest. The witness Sells was vague about any City Ordinance creating such charge but testified it was commonly used to arrest for investigative purposes. On the night of the arrest the officer testified that after the appellant's rights had been explained to him and he had read them and said he understood them, and without any coercion from anyone or other improper efforts to get a confession, the appellant voluntarily made and signed a written confession of guilt of the robbery of the Drive-In.

State's Exhibit 1 introduced into evidence was a statement signed by appellant enumerating his rights allegedly explained to him under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and was objected to by the appellant on voir dire examination and before the jury when it was returned to the courtroom.

The confession, State's Exhibit 2, was offered into evidence by the State after proper predicate was laid and it was objected to both on voir dire examination of Officer Sells and in the presence of the jury later.

The appellant's objections to both Exhibits 1 and 2 were overruled and this action of the court poses the main question for decision on this appeal.

The argument of the appellant is that the arrest of appellant was made without probable cause and therefore unlawful and that the alleged confession made while being held under an unlawful arrest is inadmissible, being tainted under the doctrine of "the fruit of the poisonous tree." In support thereof he cites Duncan v. State, 278 Ala. 145, 176 So.2d 840; Fahy v. State of Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171; and Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441. It is further argued that since the arrest was made in the town of Saraland the police officers of the Pritchard Police Department had no jurisdiction to make the arrest.

■ An arrest without a warrant for felony may be made when based on probable cause. Tit. 15, § 154, Code of Alabama, 1940, recompiled 1958.

Duncan, supra, and Wong Sun, supra, are both cases involving unlawful search and seizure in violation of the Fourth Amendment to the Constitution. These cases invoke "the fruit of the poisonous tree" doctrine and hold evidence obtained by such search inadmissible. The Wong Sun case extends the rule to statements made during the wrongful searches. However, we find in Duncan this statement:

"We do not hold that Duncan was illegally detained prior to the time the confessions were made, but we observe that insofar as we are advised the so-called McNabb-Mallory rule (McNabb v. Unit-

ed States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479), holding inadmissible in federal courts a confession obtained during an illegal detention, has not been made applicable to trials of criminal cases in the state courts, as yet. Gallegos v. State of Nebraska, 342 U.S. 55, 72 S.Ct. 141, 96 L.Ed. 86 (overruled on another point in Gideon v. Wainwright, supra); Stein v. People of State of New York, 346 U.S. 156, 184, 73 S.Ct. 1077, 97 L.Ed. 1522 (overruled on another point in Jackson v. Denno, supra); Ingram v. State, 252 Ala. 497, 42 So.2d 36."

In the later case of Bridges v. State, 284 Ala. 412, 225 So.2d 821, a case not involving search and seizure, the Supreme Court of Alabama makes this statement:

". . . We pretermit any extended consideration of the contention that defendant was illegally detained, it being a well-established rule in this State that even if an individual is illegally detained, such detention in itself does not render a confession obtained during such detention inadmissible. Ingram v. State, 252 Ala. 497, 42 So.2d 36; Hutto v. State, 278 Ala. 416, 178 So.2d 810."

■ We are of the opinion that the rule above referred to is still the law in Alabama and there was no error in the action of the court in overruling objections to State's Exhibits 1 and 2.

In view of what has been said above it is not necessary to go into the evidence upon which the State claimed probable cause for the arrest was based.

■ However, appellant's argument that the police officers had no jurisdiction to make an arrest in Saraland is without merit. Tit. 15, § 152, Code of Alabama, 1940, recompiled 1958; Williams v. State, 44 Ala. 41.

■ Appellant's refused written charge No. 2 was affirmative in nature and properly refused.

Refused written charges Nos. 4, 5 and 6 directed an acquittal of appellant because of the admission into evidence of the State's Exhibits Nos. 1 and 2 and it follows from what has been written with regard to this action of the court that these charges were properly refused.

We have responded to the argument of the appellant on appeal and in addition have carefully searched the record for error. Finding none, the judgment in this cause is due to be affirmed.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Affirmed.

PRICE, P. J., and CATES, ALMON and TYSON, JJ., concur.