324 So.2d 319

**James Edward SHEFFIELD**

v.

**STATE.**

**8 Div. 632.**

Court of Criminal Appeals of Alabama.

Dec. 9, 1975.

Edward Cunningham, Montgomery, for appellant.

William J. Baxley, Atty. Gen. and Kermit M. Downs, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Sheffield was convicted of burglary in the second degree and sentenced to six years imprisonment in the penitentiary. Employed counsel represented him at arraignment and trial. He pleaded not guilty. After he was sentenced, he gave notice of appeal but elected not to have his sentence suspended. He was found to be indigent, and a full transcript was furnished him. This court appointed counsel to represent him on this appeal.

In the early morning hours of July 22, 1974, the Pizza Hut located on Woodward Avenue in Muscle Shoals, Alabama, was burglarized. At approximately 6:30 a. m., on that date, Detective Wayne Vickery of the Muscle Shoals Police Department arrested Betty Sheffield, the wife of appellant, at the back door of the Pizza Hut and the back door was open. Detective Vickery testified that when Mrs. Sheffield saw him, she ran to her car and tried to escape but he finally stopped her. He further stated that just prior to seeing Mrs. Sheffield drive behind the Pizza Hut he saw appellant walking south on Woodward Avenue about two and a half blocks from the Pizza Hut. After stopping Mrs. Sheffield he discovered that the building had been burglarized. He saw the drawer to the cash register had been broken and was lying in the aisle along with a pair of pliers. Mr. Vickery arrested Mrs. Sheffield and put her in his patrol car and radioed a police unit to pick up appellant and bring him to the Pizza Hut. In just a few minutes appellant was brought to Mr. Vickery where he was told that he was under arrest for burglary and he was given the *Miranda* rights and warnings. The detective searched appellant and found $11.11 and a key in his right front pocket. He also found three one dollar bills in appellant's left front pocket. The key fitted the lock on one of the three doors to the Pizza Hut.

Roger Aycock testified that he was employed at the Pizza Hut and that part of his duties was to clean up the place after it closed for business and to see that all three doors were locked. He stated that he got through cleaning and mopping about 2:30 a. m., locked all doors and put the key under a mop bucket in the rear of the building.

Jerry Wayne Hargett testified that he was manager of the Pizza Hut and that he took inventory the morning after the burglary and found $11.11 missing. Hargett further testified that the $11.11 was made up of quarters, dimes, nickels and pennies. He stated that no dollar bills were left in the cash register.

The $11.11 and the key taken from the right front pocket of appellant's pants were introduced in evidence over the objections of appellant that he was illegally arrested without a warrant and that he was searched without a search warrant.

The state's case was entirely circumstantial. Appellant offered no evidence in his behalf.

The strongest circumstances against appellant were the key to one of the doors to the Pizza Hut and a statement he made to Detective Vickery at the jail. Appellant told the detective that the three one dollar bills was his money and asked him to buy him a package of cigarettes with one of the bills. The detective bought appellant the cigarettes and gave him the change and the other two one dollar bills. Appellant made no claim to any part of the $11.11 in change. This, to say the least, constituted an admission against appellant's interest and could be construed as an implied admission that the $11.11 belonged to someone else.

■ An officer may arrest any person for a felony, although not committed in his presence, if he has reasonable cause to believe that the person arrested committed the offense. Title 15, Section 154, Code of Alabama 1940; *Reed v. State,* 48 Ala.App. 120, 262 So.2d 321.

■ Where an arrest is valid the fruits of the search of appellant's person incident to the arrest are admissible against him. *Sellers v. State,* 48 Ala.App. 178, 263 So.2d 156; *Moon v. State,* 48 Ala.App. 127, 262 So.2d 615.

On cross-examination of appellant during a voir dire hearing on a motion to suppress the state's evidence, he admitted that he had been convicted of five cases of burglary and one case of buying, receiving or concealing stolen property.

■ Detective Vickery knew appellant and had known him a long time. He also knew appellant's wife. When Detective Vickery saw Mrs. Sheffield with her hand on the open door to the Pizza Hut and saw the drawer to the cash register on the floor of the aisle in the building, he had probable cause to believe that a burglary had been committed. Having seen appellant fifteen minutes earlier walking away from the Pizza Hut the detective had reasonable cause to believe appellant had broken into this place of business.

■ Circumstantial evidence is entitled to the same weight that direct evidence is entitled to provided it points to the guilt of the accused. In cases where the state relies to a great extent on circumstantial evidence for a conviction, very wide latitude is allowed in making proof. *Cline v. State,* 25 Ala.App. 433, 148 So. 172; *Creel v. State,* 53 Ala.App. 504, 301 So.2d 267.

■ If there is a reasonable inference to prove existence of the corpus delicti, the court should submit to the jury for its consideration the question of the sufficiency and weight of the evidence tending to support that inference. *Hines v. State,* 260 Ala. 668, 72 So.2d 296; *Haggler v. State,* 49 Ala.App. 259, 270 So.2d 690.

Appellant made a motion to exclude the state's evidence which motion was overruled. He requested the affirmative charge which was refused. He filed a motion for a new trial which was denied.

In *Young v. State,* 283 Ala. 676, 220 So. 2d 843, the Supreme Court held:

"Where the evidence presented raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain conviction, the denial of a motion to exclude the state's evidence, the refusal to give the affirmative charge and the overruling of a motion for new trial, does not constitute error. *Drummond v. State,* 37 ₒ Ala.App. 308, 67 So.2d 280; *Wade v. State,* 24 Ala.App. 176, 132 So. 71."

We have carefully examined the record for reversible errors and have found none. It is our opinion that the judgment of the trial court should be, and is, affirmed.

Affirmed.

All the Judges concur.