This is an appeal from a conviction of presenting a pistol at another person in violation of an ordinance of the city of Birmingham. The jury fixed defendant's punishment at a fine of fifty dollars, and the trial court imposed a sentence of ten days hard labor for the city as additional punishment.
According to the testimony of Officer Norma K. Hunt, of the Birmingham Police Department, she was driving south a little after midnight in her personal automobile when she observed another automobile traveling at a speed in excess of eighty miles per hour. Officer Hunt at the time was on her way home from the preceding day's tour of duty; she was still in uniform. As the other automobile passed her, as it changed lanes causing her to veer, she pursued the automobile, and driving alongside it she put up her right hand and the automobile slowed down. The driver, who was afterwards identified by the witness as defendant, pointed a small nickel-plated pistol at her. She then "fell behind the defendant's car and just followed him." After they had passed beyond the corporate limits of the city of Birmingham and had entered the municipality of Hoover and had left 1-65 and were proceeding along Highway 31 they came to a street intersection where she made a turn and blinked her lights in an effort to get the other automobile to stop, at which time Sergeant Franklin, of the Hoover Police Department, pulled up; she told Sergeant Franklin that the man had pulled a gun on her and requested that Sergeant Franklin stop the car, which he immediately proceeded to do, blinking the blue light of the police car. She first attempted to follow, but they were traveling too fast, and she returned to the point where Sergeant Franklin commenced his pursuit of the automobile driven by defendant.
In his testimony, Sergeant Franklin corroborated the testimony of Officer Hunt as to movements of the automobiles in Hoover, the speed of the automobile being driven by defendant, the statement of Officer Hunt that he had presented a pistol at her, and the request of Officer Hunt for Sergeant Franklin to stop the automobile. According to Officer Franklin, the automobile was traveling at a speed in excess of the limit in the municipality of Hoover, failed to stop at at least two intersections where there were stop signs, and he was unable to overtake the automobile until they had traveled almost a mile. He then "pulled it over," walked up to the automobile and asked defendant "to get out and placed him under arrest. I frisked him down and placed him in the back seat of the automobile." He *Page 202 
then opened the door of the automobile driven by defendant, and as he was attempting to get in the automobile he saw a pistol underneath the front seat of the automobile.
Defendant took the stand and positively denied any knowledge of the pistol's being in the automobile. He said he did not present any pistol at Officer Hunt, that he never recognized her as an officer as she was signaling to him. The automobile was not owned by defendant. His own testimony, corroborated by another witness, was to the effect that defendant's own automobile was being worked on and the automobile he was driving was a substitute for the night for his own automobile.
We can well see the possibility of defendant's innocence of the offense charged against him, without in any way questioning the integrity and sincerity of the witness, Officer Hunt, by accepting his testimony that he did not point any pistol at her and that he never recognized her as an officer or as anyone else attempting to obtain his attention for any lawful purpose, and that Officer Hunt could have been honestly mistaken as to what she said she saw in his hand. Even so, the testimony does not so strongly lead to such a conclusion that we can find it insufficient to support the jury's verdict. There is no contention to the contrary.
The only ground of asserted error is as to the action of the trial court in overruling a pre-trial motion for the suppression of evidence as to the location of the pistol in the automobile, the testimony of the officer as to finding it there and the introduction of the pistol into the evidence. The testimony of Sergeant Franklin was offered by defendant on the hearing of the motion to suppress. It was the only evidence offered in support of the motion. The substance of his testimony on the hearing of the motion to suppress, as well as on the trial, has been narrated above.
Appellant urges that the action of Sergeant Franklin constituted an unreasonable search of the automobile and an unreasonable seizure of the pistol, in violation of Amendment IV of the Constitution of the United States. He premises his conclusion in this respect upon the contention that Officer Franklin's arrest of defendant was illegal. In so contending, he relies upon the rule that probable cause is not sufficient to justify a warrantless arrest for a misdemeanor, that one who has committed a misdemeanor is not subject to a valid arrest therefor unless the misdemeanor was committed in the presence of the arresting officer. Code of Alabama 1940, Tit. 15, § 154.
We are persuaded that the arrest was valid, that even though the misdemeanor alleged to have been committed was not committed in the presence of the officer arresting defendant, he, according to the testimony, did commit a misdemeanor in the presence of the officer, in driving the automobile at an illegal rate of speed and in an illegal manner, which of itself justified his arrest. After the arrest of defendant, some disposition for the time being needed to be made of the automobile he was driving. According to the testimony, it was still in a traveled portion of the street and it should have been removed therefrom. The officer had "patted down" defendant, had found no pistol on him, but there was every reason to believe at that time that a pistol was in the automobile. It would have been unreasonable to expect the officer in that circumstance to have directed defendant to get into the automobile he was driving and move it. The officer was acting with due regard for the public, defendant and the safety of the officer himself in handling the situation as he did. His action could hardly be classified as a "search," but even so, it was not unreasonable. Dunaway v. State, 50 Ala. App. 200,278 So.2d 200.
In addition, we note that Officer Hunt, in whose presence the alleged misdemeanor was committed, had the legal right to arrest defendant anywhere in Jefferson County. In making a valid arrest a police officer is not limited to the territory within the corporate limits of the municipality of which he is a police officer; he may legally arrest in any part of the county in which the municipality is situated. Code of Alabama *Page 203 
1940, Tit. 15, Sec. 152; Williams v. State, 44 Ala. 41; Huttov. State, 53 Ala. App. 685, 304 So.2d 29; Reed v. State,48 Ala. App. 120, 262 So.2d 321. Due to the circumstances stated, Officer Hunt was unable to arrest defendant and called upon Sergeant Franklin for assistance. His duty is tersely stated in Code of Alabama 1940, Tit. 15, § 156, as follows:
 "It is the duty of every person, when required to do so by an officer, to assist him in making an arrest."
Perhaps we should also note that appellant's contention fails in that the arresting officer had probable cause for believing that defendant had committed a felony, which of itself would justify the arrest without a warrant. An assault upon a peace officer in the performance of his duties constitutes a felony. Code of Alabama 1940, 1973 Cumulative Pocket Part, Tit. 14, § 374 (19). The intentional presentation of a pistol or gun at another, within effective range, under such circumstances as denote an intention to shoot the other, coupled with the ability to do so, constitutes one method of accomplishing an assault. Tarver v. State, 43 Ala. 354. The arrest was not illegal; neither the search nor the seizure was either illegal or unreasonable.
We find no error in the record prejudicial to defendant. The judgment should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All Judges concur.