437 A.2d 757

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Linda Susan SMITH.**

**COMMONWEALTH of Pennsylvania,**

v.

**Linda Susan SMITH, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed Nov. 30, 1981.

444

Van der Voort, J., filed concurring and dissenting statement.

Michael E. Moyer, Assistant District Attorney, Allentown, for Commonwealth, appellant in No. 136 and for Commonwealth, appellee in No. 554.

Armando C. Salazar, Assistant Public Defender, Allentown, for Smith, appellant in No. 554 and for appellee in No. 136.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

HESTER, Judge:

This is an appeal from the Judgment of Sentence of the Court of Common Pleas of Lehigh County. The procedural history and facts relevant to the issue on appeal are as follows:

Appellant was convicted by a jury of robbery, theft, recklessly endangering another person and terroristic threats. Post-trial motions for a new trial and in arrest of judgment were timely filed, and the Motion for New Trial was denied. The Motion in Arrest of Judgment was granted as to the conviction for Recklessly Endangering Another Person. After appellant was sentenced, this timely appeal followed.

Appellant contends her trial counsel rendered ineffective assistance by needlessly bringing out the fact that one of the alibi witnesses had a criminal record.

Our Supreme Court has held that counsel is not ineffective whenever there is some reasonable basis for his actions designed to effectuate his client's interests. *Com. ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

As her defense, appellant presented only the testimony of two alibi witnesses. She did not testify in her own defense. Upon direct examination of one of the alibi witnesses, trial counsel voluntarily revealed a prior conviction for corruption of a minor, which had allegedly occurred during the mid-fifties, some 23 years prior to the date of trial. On cross-examination, the witness volunteered that the offense was, in fact, statutory rape.

Appellant argues that the offense does not involve dishonesty or false statements and could not have been used by the Commonwealth for impeachment purposes. *Commonwealth v. Moore*, 246 Pa.Super. 163, 369 A.2d 862 (1977).

In *Commonwealth v. Reidenbaugh*, 266 Pa.Super. 315, 404 A.2d 697 (1978), trial counsel elicited the fact that the defendant had prior convictions for fornication and corrupting the moral of a minor. There, we remanded the case for an evidentiary hearing to determine counsel's reasons for introducing the testimony. We held that counsel may have done so in order to bolster the credibility of the defendant.

■ Here, however, the alibi testimony could have been crucial to appellant's defense and was submitted by a witness, not the defendant. The alibi of appellant was further substantiated by another witness, (the wife of the prior witness,) who had testified to his prior criminal record.

Revealing a prior conviction for a major felony such as statutory rape, where the Commonwealth would have been unable to do so on cross-examination, could have constituted ineffectiveness.

Appellant was charged with the commission of a serious crime. The victim testified that the appellant stated, during the holdup: "I have a gun. I will blow your head off in five seconds," and "I have a gun, open your register." (N.T.13). Trial counsel had decided not to put appellant on the stand. It was important for the defense that the testimony of the alibi witnesses be as credible as possible. We are here requested to evaluate defense counsel's strategy.

As we stated in *Reidenbaugh* (supra), 266 Pa.Super. at page 701 of 404 A.2d:

The possibility that trial counsel's strategy was as argued by the Commonwealth seems remote, but not impossible. Much would depend on the atmosphere at trial: how well or badly appellant seemed to have fared with the jury on the substance of his direct testimony; how much or little he seemed in need of some extra touch to persuade the jurors that he was trying on this occasion to tell the truth. Given our inability, as an appellate court, to appraise these factors, we are persuaded by the Commonwealth's suggestion that the proper procedure in this case is to remand the case for a hearing under *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).

Because of appellant's ineffectiveness claim, we are constrained to vacate the judgment of sentence and remand the case for an evidentiary hearing on the claim. See *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

Defense trial counsel's questioning of Richard Hottenstein, an alibi witness concerning his 23-year old conviction for Statutory Rape, requires an evidentiary hearing to explore counsel's reasons for such questioning.

In the event the lower court should find counsel was ineffective, then it shall grant appellant a new trial. On the other hand, if the court finds counsel was not ineffective, it shall order the judgment of sentence reinstated. Jurisdiction relinquished.

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.

The Commonwealth has appealed the granting of appellant's Motion in Arrest of Judgment as to the conviction for Recklessly Endangering Another Person.

■ In vacating appellant's conviction on this charge, the court below stated:

Defendant's final argument is that there was insufficient evidence to find her guilty of the crime of recklessly endangering another person, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 2705. Conviction of this crime requires a showing of actual present ability to inflict injury and "if the charge was assault by pointing a revolver and threatening to shoot, the Commonwealth would have to show that the revolver was loaded." *Commonwealth v. Trowbridge*, 261 Pa.Super.Ct. 109, 395 A.2d 1337, 1340 (1978).

In the case at hand, the evidence showed that defendant *pointed a black object* which was concealed under her coat, *said that she had a gun* and that she would blow the clerk's head off in five seconds. We conclude that the

assault consisted of threatening to shoot a gun, and therefore that the Commonwealth was obligated to show that the revolver was loaded. Since evidence to this effect was not submitted, we agree that there was insufficient evidence to convict defendant of recklessly endangering another person. (N.T.13–14).

We are of the opinion that this is a correct evaluation of our holding in *Trowbridge*. We will affirm the court below as to its vacation of appellant's conviction of Recklessly Endangering Another Person.

VAN der VOORT, J., files a concurring and dissenting statement.

VAN der VOORT, Judge, concurring and dissenting:

I concur in the remand ordered by the majority for an evidentiary hearing on the issue of ineffectiveness of counsel. I respectfully dissent to the granting of the motion in arrest of judgment on the charge of recklessly endangering another person. I particularly dissent to that part of our opinion which recites what appears to be dictum in the case of *Commonwealth v. Trowbridge*, 261 Pa.Superior Ct. 109, 114, 396 A.2d 1337, 1340 (1978) as follows: "[I]f the charge was assaulting by pointing a revolver and threatening to shoot, the Commonwealth would have to show that the revolver was loaded." I believe that when the Commonwealth has proved that a defendant has pointed what appears to be a deadly weapon at another person and threatened to shoot, that such proof is sufficient to support a verdict of recklessly endangering another person. Hence my dissent in *Trowbridge*.

I would reverse the action of the Court below in arresting judgment on the charge of recklessly endangering another person and remand it along with the other charges in this case for an evidentiary hearing on the claimed ineffectiveness of counsel.