HARRIS, Judge.
Appellant, Franklin Leatherwood, was convicted of the offense of reckless endangerment in the recorder’s court of the City of Albertville. He appealed the conviction to the Circuit Court of Marshall County, where he was tried before a jury. At the conclusion of the trial, the judge charged the jury that the elements of reckless endangerment had not been proven, and proceeded to charge on the lesser included offense of menacing. Appellant was found guilty and sentenced to six months’ imprisonment, with five months’ suspended sentence and two years of unsupervised probation.
Testimony at trial revealed that at about 1:00 a.m. on the last Saturday in October, 1982, Melanie Wade walked out of the Food *248 World Grocery Store where she was employed and headed toward her car in the parking lot. She heard a car crank up and soon realized that the ear was following her in an unusual manner. The driver, a man, called out to her. She became frightened and hurried to get into her car. As she got in, the man pulled his car in beside her car and got out. He demanded that she open the door or roll down her window, and when she refused to comply, pulled out a gun and aimed it toward the side of her head repeating his demands for several minutes. She blew her car horn in a continuous manner and when some co-employees and bystanders came to her aid, the man got into his car and left. Two witnesses followed him and wrote down his tag number. Ms. Wade and another witness made in-court identifications of appellant as the man who accosted her, and another witness, though unable to identify appellant, rendered a description of him. Appellant, his wife and two of his sons testified that he was at home when the incident occurred.
The sole issue presented to this court on review is whether menacing can be a lesser included offense of reckless endangerment.
Section 13A-1-9, Code of Alabama (1975) specifies the following circumstances under which a defendant may be convicted of a lesser included offense:
“(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
“(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
“(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or “(3) It is specifically designated by statute as a lesser degree of the offense charged; or
“(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.”
This court, in Sharpe v. State, 340 So.2d 885, 887 (Ala.Cr.App.1976), construed “lesser included offense” as follows:
“Where all elements of an offense separate from offense charged are present in or included among elements of charged offense, such separate offense is a lesser included offense for which defendant may be convicted, though acquitted of the offense charged. To be necessarily included in the greater offense, the lesser must be such that it is impossible to commit the greater without first having committed the lesser.”
Section 13A-6-24 sets out the elements of reckless endangerment, the offense charged, as follows:
“A person commits the crime of reckless endangerment if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.”
Section 13A-6-23 sets out the elements of menacing, the offense for which appellant was convicted, as follows:
“A person commits the crime of menacing if, by physical action, he intentionally places or attempts to place another person in fear of imminent serious physical injury.”
It is evident to-us that because the mental state required by these two statutes is disparate, under § 13A-1-9, Code of Alabama (1975), and Sharpe v. State, supra, menacing cannot be a lesser included offense of reckless endangerment. See also Howell v. State, 431 So.2d 1328 (Ala.), on remand, 431 So.2d 1331 (Ala.Cr.App.1983). Furthermore, in Cordial v. State, 389 So.2d 170, 174 (Ala.Cr.App.1980), we reiterated the rule that “.... a man cannot be indicted for an offense, and under that indictment suffer a conviction of an offense not named in the indictment.”
The judgment of conviction is therefore reversed and judgment is here rendered *249 discharging appellant from further proceedings in this cause.
REVERSED AND RENDERED.
All the Judges concur, except TYSON, J., who concurs in the result only.