PATTERSON, Judge.
Appellant Elton Cobb was found guilty of reckless endangerment, § 13A-6-24, Code of Alabama 1975, by a Bullock County jury on March 20, 1984. Punishment was set at six months in the county jail, to run concurrently with a term of probation for a prior theft conviction. At trial, appellant and Mary Cobb testified, as follows:
They had been divorced for approximately two years, but had continued to live together in Mrs. Cobb’s home in Midway. On January 11, 1984, appellant had picked up Mrs. Cobb and her twin sons from Mrs. Cobb’s place of employment, Merritt School. The situation remained harmonious until approximately 9:00 o’clock that evening.
At this point, the testimony of appellant and Mrs. Cobb becomes contradictory. According to Mrs. Cobb, appellant went to bed around 8:30 p.m., and she joined him about thirty minutes later. Upon entering the bed, appellant touched Mrs. Cobb, indicating a desire to engage in amorous activities, to which Mrs. Cobb responded, “Not tonight.” To this rejection, appellant’s purported response was, “I don’t have to have sex with you. I can get me a woman. You just pay me my money.” It is unclear, from the record, the exact nature of this debt; however, Mrs. Cobb agreed to call her brother in Birmingham to discuss with him the possibility of loaning her the money to pay appellant. Mrs. Cobb did not have a telephone so she went “next door” to use her neighbor’s telephone. Mrs. Cobb returned four or five minutes later to inform appellant that her brother was not home and no arrangements could be made at that time.
When Mrs. Cobb returned to her home, she saw appellant sitting on their bed with a rifle. Mrs. Cobb told appellant that her brother was not home, to which appellant purportedly responded, “I don’t give a damn, I’m going to kill you anyway.” Mrs. Cobb saw appellant cock the rifle, at which point she fled from the house. At trial Mrs. Cobb testified that she thought the gun was loaded, but could not positively attest to such. No evidence was presented which would reasonably support a finding that the gun was actually loaded at the time it was pointed at Mrs. Cobb. According to Mrs. Cobb, appellant had used the rifle previously that week to kill a dog which had been bitten by a snake.
*703 Mary Jane Turner testified that she and Mrs. Cobb were first cousins, and neighbors. At approximately 9:00 o’clock on the night in question, she was summoned to the door by a “very hysterical” Mrs. Cobb. Mrs. Cobb told Mrs. Turner that appellant had “pulled a gun” on her. Mrs. Turner tried to call the police, to no avail. She then went to a friend of the appellant’s to seek aid, at which point appellant entered, stating he wanted to “tell my side”. While these events were unfolding, Mrs. Cobb returned to the home and obtained her two sons.
The factual rendition of events offered by appellant is in sharp contrast to the factual rendition offered by Mrs. Cobb. Appellant maintains that Mrs. Cobb requested him to vacate the premises because his presence prevented her from taking advantage of several offers of sex for money which had been presented to her. Appellant denied any subsequent argument, stating that he promptly moved out that night. Appellant testified that he asked Mrs. Cobb “about the loan” that he had obtained at the Clayton Bank for her. Mrs. Cobb then called her brother and told appellant that her brother would be at the Clayton Bank the next day to pay appellant a thousand dollars. According to appellant, this was all strictly business. Appellant stated that he had previously pawned all his guns and no gun was in the house that night. Three pawn shop receipts were introduced into evidence. Appellant admitted killing a snake bitten dog during the week in question; however, appellant testified that he killed the dog with an axe handle and not a rifle. Appellant further testified that after working in law enforcement for twenty-two years, he was fully aware that a convicted felon could not “carry a gun” while on probation.
Appellant’s first contention is that the evidence failed to sustain a verdict for the crime charged. Reckless endangerment, § 13A-6-24, Code of Alabama 1975, is defined as follows:
“(a) A person commits the crime of reckless endangerment if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.
“(b) Reckless endangerment is a Class A misdemeanor.”
The commentary to § 13A-6-24 gives further guidance:
“Reckless endangerment is a new crime and is applicable to reckless conduct which creates a substantial risk of, but does not result in, serious physical injury. ...
“... It does not require any particular person to be actually placed in danger, but deals with potential risks, as well as cases where a specific person actually is within the area of danger.”
Commentary, § 13A-6-24, Code of Alabama 1975.
Appellant argues that because the State failed to prove that the rifle was loaded, there is therefore no evidence that appellant’s conduct created a substantial risk of serious physical injury to Mrs. Cobb. The issue thus becomes whether present ability, as opposed to mere apparent ability, is necessary to support a conviction under this statute. In reviewing this question we are guided by the law of assault. See Commentary, § 13A-6-24, Code of Alabama 1975 (Reckless endangerment “forms a phase of the pattern of revised assault offenses covered in this article and is in addition to, and not a substitute for, the crime of assault and/or attempted assault”).
In Rollins v. City of Birmingham, 344 So.2d 200, 203 (Ala.Crim.App.1977), this court stated:
“The intentional presentation of a pistol or gun at another, within effective range, under such circumstances as denote an intention to shoot the other, coupled with the ability to do so, constitutes one method of accomplishing an assault. Tarver v. State, 43 Ala. 354.” (Emphasis added.)
See also, McArdle v. State, 372 So.2d 897, 899 (Ala.Crim.App.), writ denied 372 So.2d 902 (Ala.1979). Thus, under Alabama law, *704 in order for there to be an assault of this nature, the State must prove that the defendant has the present ability to accomplish the assault. If it were proven that the gun were loaded, or if evidence were presented from which the jury could rationally conclude that the gun was loaded, then a conviction for reckless endangerment would be sustained. However, where there is no evidence presented by the State that the gun was loaded, or from which the jury could rationally conclude such, then the State has failed in its burden of proof and appellant’s conviction must be reversed. Absent a showing of actual ability to inflict harm, the most that appellant could be guilty of would be menacing, § 13A-6-23, Code of Alabama 1975. The Commentary to the menacing statute makes specific reference to the “classic example_ where defendant, intending to frighten another, points an unloaded gun at him, though not known by the victim to be so.” Menacing, however, is not a lesser included offense of reckless endangerment, because the types of culpability required by the two statutes are disparate. Leatherwood v. City of Albertville, 449 So.2d 247 (Ala.Crim.App.1984).
The State of Pennsylvania has adopted a reckless endangerment statute similar to Alabama’s. See 18 Pa.Cons.Stat.Ann. § 2705 (Purdon 1983). The very question presented in the case at bar was addressed by the Superior Court of Pennsylvania in Commonwealth v. Trowbridge, 261 Pa.Super. 109, 395 A.2d 1337, 1340 (1978), where that court stated:
“By requiring the creation of danger, we think it is plain under 2705 that the mere apparent ability to inflict harm is not sufficient. Danger, and not merely the apprehension of danger, must be created. Therefore, we think that 2705 retains the common law assault requirement of actual present ability to inflict harm.”
Following the Trowbridge, supra, decision the Pennsylvania Court determined that a defendant could not be convicted of reckless endangerment where the defendant merely threatened to shoot the victim and the State failed to prove the gun was in fact loaded. Commonwealth v. Smith, 292 Pa.Super. 443, 437 A.2d 757 (1981). The court stated:
“In the case at hand, the evidence showed that defendant pointed a black object which was concealed under her coat, said that she had a gun and that she would blow the clerk’s head off in five seconds. We conclude that the assault consisted of threatening to shoot a gun, and therefore that the Commonwealth was obligated to show that the revolver was loaded. Since evidence to this effect was not submitted, we agree that there was insufficient evidence to convict defendant of reckless endangering of another person.”
Id. 437 A.2d at 759 (emphasis theirs). We find Trowbridge and its progeny to be persuasive authority for the resolution of this case.
It is the State’s burden to show beyond all reasonable doubt, and to the exclusion of every other reasonable hypothesis, every circumstance necessary to show that appellant is guilty. Gilbert v. State, 30 Ala.App. 214, 3 So.2d 95 (1941). The State has failed to meet this burden and we so hold. We find that the State has not met its burden of proof as to the element of actual ability to inflict serious bodily injury by failing to prove that the gun was actually loaded or alternatively to introduce sufficient evidence from which the jury could rationally conclude or infer that the gun was loaded. This cause must therefore be reversed and remanded.
Due to the foregoing, we find it unnecessary to address the remaining contentions of error raised by appellant in brief.
REVERSED AND REMANDED.
All Judges concur.