476 A.2d 411
**COMMONWEALTH of Pennsylvania**

v.

**Javier Gabriel PAOLI, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1982.

Filed April 13, 1984.

Reargument Denied June 29, 1984.

Petition for Allowance of Appeal Denied Oct. 3, 1984.

Edward R. Eidelman, Philadelphia, for appellant.

Richard R. Tomsho, Assistant District Attorney, Allentown, for Commonwealth, appellee.

Before BROSKY, McEWEN and WATKINS, JJ.

WATKINS, Judge:

This case is on appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Lehigh County denying defendant's postverdict motions in arrest of judgment and for a new trial. The defendant, Javier Gabriel Paoli, was convicted of first-degree murder and sentenced to life imprisonment.

On appeal, the defendant raises numerous issues. He characterizes the question of whether the charge of the court below was contrary to the stated law as the most serious issue. The charge included the court's opinion that there was no evidence of any of the elements of manslaughter. Counsel objected to the court's expression of opinion. We have reviewed the record and we find that the charge complied with the law applicable at the time of the trial as stated in *Commonwealth v. Bennett,* 471 Pa. 419, 370 A.2d 373 (1977). Under the facts presented here, as in *Bennett,* the court's expression of opinion was not error because the jury was repeatedly told they were not bound by the court's opinion.

Appellant claims the expression of opinion deprived him of his right to a fair trial by denying him an effective voluntary manslaughter charge. The record clearly reveals that there was indeed no evidence which warranted a voluntary manslaughter verdict. That it was this lack of evidence, and not the opinion in the charge, which prompted the jury's finding is clear from the fact that the jury did not

exercise the option of finding third-degree murder. It is undisputed that the charge regarding third-degree murder was completely satisfactory to all parties and yet the jury demonstrated no inclination to find anything less than first-degree murder.

In addition, defendant also had the benefit of an involuntary manslaughter charge. He did not object that this instruction was rendered ineffective by the remainder of the remarks in the charge. Such an objection would be expected if the court's expression of opinion was indeed of genuine concern. In any event, as we have already stated, the charge complied with *Commonwealth v. Bennett*, supra, because the court stressed that the jurors were not bound by its opinion.

It is interesting to note that the Supreme Court of Pennsylvania has acknowledged that *Commonwealth v. Jones*, 457 Pa. 563, 319 A.2d 142 (1974) (cert. denied, 419 U.S. 1000, 85 S.Ct. 316, 42 L.Ed.2d 274 (1974), the per curiam decision requiring a voluntary manslaughter charge even in the absence of evidence of provocation or passion, has been eroded by recent decisions. The Court has recognized that permitting the jury to consider a verdict where no evidence exists to support it may invite arbitrariness. *Commonwealth v. Zettlemoyer*, 500 Pa. 16, 454 A.2d 937 (1982) citing *Commonwealth v. White*, 490 Pa. 179, 415 A.2d 399 (1980) and *Commonwealth v. Williams*, 490 Pa. 187, 415 A.2d 403 (1980).

Appellant's other claims of error are wholly without merit. Two extensions of time were granted the Commonwealth pursuant to Pa.Rules of Criminal Procedure, Rule 1100 and were justified under the law due to the fact that crucial witnesses had deliberately concealed their whereabouts. *Commonwealth v. Brown*, 252 Pa.Superior Ct. 365, 381 A.2d 961 (1977); *Commonwealth v. Lane*, 245 Pa.Super.Ct. 146, 369 A.2d 335 (1976). The lower court adequately reviewed the evidence of the Commonwealth's due diligence in locating these witnesses. We are not disposed to second-guess the methods employed by the

Commonwealth. The same is true of the lower court's denial of the defendant's motion to suppress the false identification he made to police. Further, the admission of testimony by decedent's mother offered to show motive did not result in a denial of defendant's constitutional rights. The record reveals no abuse of discretion by the lower court in its evidentiary rulings.

Finally, defendant claims his trial counsel and post-trial counsel were ineffective. He advances trial counsel's failure to secure an expert witness in accident reconstruction as the basis for his ineffectiveness claim. He claims such an expert would have bolstered his credibility with regard to the probable cause of damage to defendant's automobile. This is ludicrous. The probable cause of the damage is irrelevant. The issue at trial was whether defendant damaged the rear of his vehicle in an attempt to flee from the scene of the murder or whether it occurred before the murder. That there was an accident is undisputed and the cause of the damage was not at issue. The defendant does not contend that the circumstances surrounding the accident were so complex that they could not be adequately related to the jury by a lay person. Defendant gave his account of what happened and the jury chose not to believe him. It is impossible to see how the additional details as to the probable cause of the damage would bolster defendant's credibility as to the timing of the accident or the alleged events which occurred thereafter. As we have said before, counsel will not be deemed ineffective for failure to pursue frivolous claims. See *Commonwealth v. Mitchell*, 477 Pa. 274, 383 A.2d 930 (1978). We can safely assume trial counsel recognized that the probable cause of damage was completely irrelevant and chose not to pursue such an issue.

This same reasoning is applicable to defendant's claim that post-trial counsel was ineffective for failing to preserve this issue. The issue is frivolous and counsel is not ineffective by reason of his failure to raise it in post-trial motions. *Commonwealth v. Mitchell*, supra.

■ Defendant also claims counsel was ineffective for failure to call an alleged witness to the events preceeding the murder. Defendant has the burden of establishing that he had informed counsel of the witness' existence. *Commonwealth v. Ross*, 273 Pa.Superior Ct. 67, 416 A.2d 1092 (1979). His bald allegation of ineffectiveness does not even approach satisfying this burden. Further, defendant presents no evidence, indeed no claim, that the alleged witness' testimony would be in any way favorable to him. Therefore, we will not find that counsel was ineffective for failing to call this alleged witness. *Commonwealth v. Robinson*, 487 Pa. 541, 410 A.2d 744 (1980).

Judgment of sentence affirmed.

BROSKY, J., filed a concurring statement.

BROSKY, Judge, concurring:

I agree with the majority's disposition of those issues it has treated, but I would note that appellant has raised several other issues which I would find that the lower court has adequately disposed of in its comprehensive and well-reasoned opinion.