503 A.2d 11

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Felix Berrios RIVERA, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 16, 1984.

Filed Dec. 20, 1985.

John D. Kuhn, Public Defender, Harrisburg, for appellant.

Gary E. Hartman, District Attorney, Gettysburg, for Com., appellee.

Before SPAETH, President Judge, and CAVANAUGH, WIEAND, McEWEN, CIRILLO, DEL SOLE, JOHNSON, POPOVICH and CERCONE, JJ.

WIEAND, Judge:

When this appeal was previously before the Superior Court, we remanded with directions to the trial court to

complete the trial record so that we could fulfill our responsibility as a reviewing court. *Commonwealth v. Rivera,* 339 Pa.Super. 242, 488 A.2d 642 (1985). A transcript of the trial was then prepared and has now been forwarded to us for review. The issues requiring our attention are (1) whether the evidence was sufficient to sustain the jury's finding that Felix Berrios Rivera was guilty of recklessly endangering another person; and (2) whether it was error for the court to tell the jury that there was no evidence to support a finding of a lesser degree of robbery as argued by the defense.

The Commonwealth's evidence showed that Rivera had been one of four persons who entered the home of Maybelle Jacoby on December 28, 1981 and, at rifle point, demanded the combination to her safe. When the intruders were unable to extract the combination from Mrs. Jacoby, they tied her up, along with Mrs. Decker, a tenant. The intruders then searched the Jacoby home and gathered such valuables as they could find. Before leaving, the robber who was holding the gun, a man known as Luis, asked in English and within the hearing of all whether the women should be shot. He was told not to shoot them, and the robbers departed. At trial, Kathy Laughman, who had been one of the robbers, testified as a Commonwealth witness and identified appellant as a participant in the robbery. Indeed, he had held the gun during a part of the robbery. He was found guilty of burglary, robbery, recklessly endangering another person and criminal conspiracy.

In reviewing the sufficiency of the evidence, we view all the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the Commonwealth, which has won the verdict. In this case, we must determine whether the evidence, viewed as aforesaid, is sufficient to permit a finding beyond a reasonable doubt that each element of the offense of recklessly endangering another person was present. *Commonwealth v. Davis,* 331 Pa.Super. 59, 62, 479 A.2d 1077, 1079 (1984). See: *Commonwealth v. Stoyko,* 504 Pa. 455, 462, 475 A.2d 714, 718,

*cert. denied,* —— U.S. ——, 105 S.Ct. 361, 83 L.Ed.2d 297 (1984); *Commonwealth v. Carpenter,* 330 Pa.Super. 382, 384, 479 A.2d 603, 604 (1984).

A person commits the crime of recklessly endangering another person "if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. This statutory provision was directed against reckless conduct entailing a serious risk to life or limb out of proportion to any utility the conduct might have. This Court held, in *Commonwealth v. Trowbridge,* 261 Pa.Super. 109, 395 A.2d 1337 (1978), that recklessly endangering another person is a crime of assault which requires the "creation of danger." As such, the Court concluded, there must be an "actual present ability to inflict harm." *Id.,* 261 Pa.Superior Ct. at 115, 395 A.2d at 1340. To point an unloaded BB gun at another person, the Court held, did not alone constitute a violation of the statute. In a later decision, the Superior Court expanded the holding in *Trowbridge* and held that a defendant could not be convicted of recklessly endangering another person where the charge had been based on an alleged threat to shoot another person with a gun but there had been no evidence that the gun was in fact loaded. *Commonwealth v. Smith,* 292 Pa.Super. 443, 437 A.2d 757 (1981). See also: *Commonwealth v. Gouse,* 287 Pa.Super. 120, 429 A.2d 1129 (1981) (evidence disclosed that shotgun which defendant had pointed at other persons had been unloaded).

Appellant argues in the instant case that because the evidence failed to disclose that the gun had been loaded, the evidence was insufficient to sustain his conviction for recklessly endangering another person. We granted en banc review to consider this argument in light of our earlier decisions that a person could not be guilty of recklessly endangering another person by pointing a gun at another person unless it were also established that the gun was loaded. After reviewing the record, we conclude that the

judgment of sentence should be affirmed.[1] Even under our prior decisions, the evidence in the instant case was sufficient to support a finding that there had been a reckless endangerment of the women who had been tied up and threatened with death or serious injury by shooting.

■ When the evidence is viewed in the light most favorable to the Commonwealth, it seems clear that it was sufficient to support an inference that the robbers had placed their victims in a situation where the risk of death or serious bodily injury was real, not merely apparent. While Mrs. Jacoby's home was being ransacked, the gun was used to prevent her from interfering. It was pointed at her at all times, primarily at her face, so that she was forced to look into the barrel of the gun. As a result, she began screaming. She was told to "shut up." The gun was also used to threaten her in an effort to induce her to reveal the combination to the safe. Finally, she was physically forced to submit to being tied up before the robbers left. Mrs. Jacoby tried to resist by kicking at her tormentors but accomplished nothing but the loss of her shoe. It was then that Luis suggested that the women be shot. There was no reason to believe that this was merely an idle threat which he was incapable of carrying out. His accomplices did not deem it so, for they cautioned Luis and told him that the women were not to be shot. This evidence was sufficient to permit a finding that the victims were in "actual" danger, not merely "apparent" danger, from the pointed gun and that the robbers were in a position whereby they could, in fact, shoot the victims of the robbery. It was not necessary for the Commonwealth to show by direct evidence that a projectile was in the chamber of the gun.

Appellant also argues that the trial judge invaded the province of the jury when he commented to the jury that there had been no evidence to support a finding that appellant was guilty only of robbery, a felony of the third degree, as charged in the third count of the information. In

1. The court did not impose a separate sentence for recklessly endangering another person. Instead, the court imposed a single sentence of not less than four nor more than eight years.

this count, appellant had been charged with unlawfully taking property physically from the person of another by force. See: 18 Pa.C.S. § 3701(a)(1)(v).[2] The record shows that when, during its deliberations, the jury asked the court to explain the elements of robbery under Section 3701(a)(1)(v), the court said:

I have told you that you are the sole judges of the facts in the case. That's why I have been a little reluctant to tell you this up until this point but obviously you're dealing with something that I feel in all fairness I must explain.

There is no evidence in this case that could substantiate a finding of guilty of count 3. The elements of that offense require the taking of property from the person of another. The section was added by the legislature in 1976, and it really covers purse snatching. There is no evidence in this case that anybody took anything from the person of either Miss Jacoby or the other lady.

However, if you disagree with my recitation of facts and if you find that there is evidence, and I again tell you that your finding of the facts is what governs and not mine.

(N.T. 6/30/82 at 38–39). The court then reiterated the elements of Section 3701(a)(1)(v). These comments, appel-

**2.** The provisions of 18 Pa.C.S. § 3701 are as follows:

**(a) Offense defined.—**

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

(iii) commits or threatens immediately to commit any felony of the first or second degree;

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or

(v) physically takes or removes property from the person of another by force however slight.

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

**(b) Grading.**—Robbery under subsection (a)(1)(iv) is a felony of the second degree; robbery under subsection (a)(1)(v) is a felony of the third degree; otherwise, it is a felony of the first degree.

lant argues, left an "indelible imprint" on the jurors which could not have been erased by telling them that they could disregard the judge's comments if their recollection of the facts differed from his.

In *Commonwealth v. Gaddy*, 468 Pa. 303, 362 A.2d 217 (1976), the Supreme Court reviewed a similar expression of opinion by a trial judge. There, the trial judge, after telling the jury that they could find the defendant guilty of voluntary manslaughter if they found that the killing had been committed in the heat of passion after adequate provocation, said "I don't see any of those facts in this case at all." *Id.*, 468 Pa. at 318, 362 A.2d at 224. The Supreme Court reviewed the evidence and agreed with the trial judge's assessment of the facts. The Court then stated that when the charge was read as a whole, the trial judge's comment was not error. The Court said:

> While informing the jury that in his opinion no facts existed to support a verdict of voluntary manslaughter, the trial court fully informed the jury of its ability to return such a verdict; specifically told them that only their recollection of the facts controlled; and stated that they were the sole finders of facts. Such a circumscribed statement cannot be said to have impermissibly infringed upon the jury's function.

*Id.*, 468 Pa. at 320, 362 A.2d at 225. See: *Commonwealth v. Whitfield*, 474 Pa. 27, 376 A.2d 617 (1977); *Commonwealth v. Bennett*, 471 Pa. 419, 370 A.2d 373 (1977); *Commonwealth v. Rivera*, 470 Pa. 131, 367 A.2d 719 (1976). In *Commonwealth v. Paoli*, 327 Pa.Super. 564, 476 A.2d 411 (1984), this Court followed Supreme Court decisions and held that there had been no error where the trial court, after telling the jury that there had been no evidence of any of the elements of manslaughter, repeatedly told the jury that they were not bound by the court's opinion.

In the instant case, the trial court informed the jury that they were not bound by the court's recollection of the facts and that it was the jury's recollection of the facts, and not the court's recollection, which was controlling. The clear import of the court's comments was that if the jury

found the elements of 18 Pa.C.S. § 3701(a)(1)(v) to be present, it could nevertheless find appellant guilty of robbery under the third count of the information. Under these circumstances, the trial court did not improperly invade the province of the jury, and a new trial is not warranted.

Judgment of sentence affirmed.

CERCONE, J., did not participate in the decision of this appeal.