J-A23037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEREMY PAUL LEFEVER | |
| Appellant | No. 1488 WDA 2014 |

Appeal from the Judgment of Sentence March 6, 2014
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0001314-2012

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:  **FILED OCTOBER 2, 2015**

Appellant, Jeremy Paul Lefever, appeals from the judgment of sentence entered in the Butler County Court of Common Pleas, following his jury trial convictions of recklessly endangering another person ("REAP") and fleeing or attempting to elude a police officer, and his bench trial convictions of reckless driving, driving while operating privilege is suspended or revoked—driving under the influence of alcohol or a controlled substance ("DUI"), and failure to stop at a red signal.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On July 11, 2012, at approximately 1:00 a.m., Lieutenant James Hollobaugh

---

[1] 18 Pa.C.S.A. § 2705, 75 Pa.C.S.A. §§ 3733(a), 3736(a), 1543(b)(1) (3802 related), and 3112(a)(3)(i), respectively.

of the City of Butler Police Department saw a lone driver operating a small, dark, hatchback-type vehicle run a steady red light in Butler. Lieutenant Hollobaugh activated his police cruiser's lights and attempted to initiate a traffic stop of the vehicle. The vehicle failed to stop, accelerated, and fled from Lieutenant Hollobaugh, who pursued the vehicle in his police cruiser and called for backup. The pursuit continued for several blocks when Lieutenant Hollobaugh activated his police cruiser's siren. The pursued vehicle then proceeded to turn onto a one-way street in the wrong direction and nearly struck an oncoming vehicle. Lieutenant Hollobaugh lost sight of the vehicle for approximately fifteen (15) seconds. He then saw a tall, white man wearing a dark tank top running from the pursued vehicle, which was parked in a private driveway about two blocks from where Lieutenant Hollobaugh lost sight of the vehicle. Lieutenant Hollobaugh parked behind the vehicle and discovered it was registered to Ms. Alicia Kniess. Lieutenant Hollobaugh knew from prior incidents that Appellant lived at the same address as Ms. Kniess.

Meanwhile, Patrolman David Villotti of the Butler Police Department responded to Lieutenant Hollobaugh's call for backup. Patrolman Villotti observed a tall, white man in a dark tank top walking approximately one block from where Lieutenant Hollobaugh located the parked vehicle. Patrolman Villotti stopped the man and identified him as Appellant. Keys matching the pursued vehicle were found on Appellant's person.

Appellant filed an omnibus pretrial motion on October 10, 2012, to suppress the keys found on his person. The court conducted a hearing and denied Appellant's motion on February 14, 2013. Thereafter, on January 29, 2014, a jury convicted Appellant of REAP and fleeing or attempting to elude a police officer, and the court convicted Appellant of the summary offenses of reckless driving, driving while operating privilege is suspended or revoked—DUI, and failure to stop at a red signal. Appellant filed a motion for judgment of acquittal on February 10, 2014, which the court denied on February 12, 2014. The court sentenced Appellant on March 6, 2014, to sixty (60) days' to twelve (12) months' imprisonment for fleeing or attempting to elude a police officer, plus a consecutive ninety (90) days' imprisonment for driving while operating privilege is suspended, followed by twelve (12) months' probation for REAP.

Appellant timely filed a post-sentence motion on Monday, March 17, 2014, which was denied by operation of law on August 15, 2014. Appellant timely filed a notice of appeal on September 12, 2014. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issues for our review:

> WHETHER THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT THE JURY AND TRIAL COURT'S FINDING THAT APPELLANT WAS THE ACCUSED, THE DRIVER OF THE PURSUED VEHICLE.
>
> WHETHER THE EVIDENCE PRESENTED AT TRIAL WAS

INSUFFICIENT TO SUPPORT THE JURY AND TRIAL COURT'S FINDING THAT THE UNNAMED VICTIM WAS PLACED [IN] ACTUAL DANGER OF DEATH OR SERIOUS BODILY INJURY.

WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN FINDING THAT THE VERDICTS WERE NOT AGAINST THE WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL.

(Appellant's Brief at 4).

In issues one and two combined, Appellant argues there was insufficient evidence to sustain his bench and jury trial convictions. Appellant contends the Commonwealth failed to prove beyond a reasonable doubt that Appellant was the driver of the pursued vehicle and that Ms. Kniess' vehicle was the pursued vehicle. Appellant alleges the fact finders' assumptions that the parked car was the pursued vehicle, that Appellant was the man seen running from the parked car, and that Appellant had been driving the parked car during the pursuit were all based solely on circumstantial evidence. Appellant claims Lieutenant Hollobaugh was unable to provide any details which would have positively identified the vehicle he pursued, such as the license plate information or the make, model or color of the pursued vehicle. Appellant also contends Lieutenant Hollobaugh's description of the man the Lieutenant saw running from the parked car was insufficient because he saw the individual for only a brief second, at night, from a block away.

Appellant also argues the Commonwealth failed to prove REAP beyond

a reasonable doubt because the alleged victim was not in actual danger of death or serious bodily injury from the pursued vehicle. Appellant claims Lieutenant Hollobaugh's testimony that Appellant nearly struck an oncoming vehicle on a one-way street was the only evidence that Appellant allegedly placed another individual in danger of death or serious bodily injury. Appellant alleges the surrounding circumstances were not so inherently dangerous to prove actual danger or to suggest that a risk was created when Appellant allegedly drove recklessly down a one-way street. Appellant maintains the Commonwealth's evidence was insufficient to bear the burden of proving every element of the charges against him beyond a reasonable doubt. Appellant concludes this Court should reverse the judgment of sentence. We disagree.

Initially, we observe:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted…in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually

received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005)).

Section 2705 of the Crimes Code provides:

**§ 2705.  Recklessly endangering another person**

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S.A. § 2705.

Thus, [this] crime requires (1) a *mens rea* of recklessness, (2) an *actus reus* some "conduct," (3) causation "which places," and (4) the achievement of a particular result "danger," to another person, of death or serious bodily injury.

*Commonwealth v. Reynolds*, 835 A.2d 720, 727 (Pa.Super. 2003) (quoting *Commonwealth v. Trowbridge*, 395 A.2d 1337, 1340 (Pa.Super. 1978)). *See Commonwealth v. Klein*, 795 A.2d 424 (Pa.Super. 2002) (indicating *mens rea* for REAP is conscious disregard of known risk of death or great bodily harm to another person, and serious bodily injury is bodily injury which creates substantial risk of death or causes serious, permanent disfigurement or protracted loss or impairment of function of any bodily member or organ).  Significantly, REAP "is a crime of assault which requires

the creation of danger" so "there must be an actual present ability to inflict harm." **Reynolds, supra** at 727-28 (quoting **Commonwealth v. Rivera**, 503 A.2d 11, 12 (Pa.Super. 1985) (*en banc*)) (internal quotation marks omitted).

Instantly, the trial court concluded:

> On January 29, 2014, [Appellant] was convicted by a jury of [REAP], 18 Pa.C.S.A. § 2705, and fleeing/attempting to elude police, 75 Pa.C.S.A § 3733(a). On the same date, [the] [c]ourt found [Appellant] guilty of the summary charges of reckless driving, driving under suspension, DUI related, and failure to stop at a red signal. [Appellant] contends that at trial, the Commonwealth's witnesses never identified the driver of vehicle being pursued as [Appellant] and that the affiant, Lt. James Hollobaugh of the Butler City Police Department, could not confirm the color, make, model and license plate of the vehicle.
>
> Lt. Hollobaugh testified at trial that on July 11, 2012, just before 1:00 a.m., he was following a "smaller, darker/black hatchback-type vehicle" occupied by the driver only when he observed the vehicle proceed through a steady red signal northbound on Main Street at the intersection with Jefferson Street in the city of Butler. This traffic violation led to a chase within an area comprised of a few blocks.
>
> Lt. Hollobaugh further testified that he turned on his vehicle's overhead lights and attempted to initiate a traffic stop. The operator of the vehicle accelerated quickly whereupon the Lt. activated his vehicle's siren. The operator turned south onto McKean Street, which is a one-way northbound street, one block east of Main Street. The operator of the small dark vehicle nearly collided with a northbound vehicle on McKean Street. Lt. Hollobaugh lost sight of the vehicle briefly when he saw a tall, white man wearing a dark tank top running and observed the vehicle [the Lieutenant] was following parked in a private driveway nearby. Lt. Hollobaugh parked his vehicle behind the pursued vehicle and ran the plate through PennDOT.

- 7 -

The tall, white man was detained by Patrolman Villotti less than one block from the parked vehicle. Lt. Hollobaugh testified that the person he observed running was the same individual detained by Patrolman Villotti.

Patrolman Villotti testified at trial that he was responding to Lt. Hollobaugh's call for backup just after 1:00 a.m. and as [Patrolman Villotti] was turning onto the 200 block of East Brady Street, he observed a male walking towards him. At that moment, Lt. Hollobaugh radioed to stop the male walking down East Brady Street. Patrolman Villotti detained the tall, white man wearing a dark tank top who was identified as [Appellant]. The car keys found on [Appellant's] person belonged to the small, dark hatchback parked in the private driveway. The patrolman testified that there were no other people in that area at that time.

At trial, the Commonwealth introduced the dashboard camera video recording of the pursuit in question from Lt. Hollobaugh's patrol vehicle, Commonwealth's Exhibit "3". It was admitted without objection and viewed by the jury. The Commonwealth also introduced Commonwealth's Exhibit "4" and "5". Exhibit "4" is a map of downtown Butler and Exhibit "5" is the same map with arrow markings to show the route of the pursuit. Both were admitted without objection. The maps clearly point out the short distance traveled during the pursuit as well as [Appellant's] proximity to the parked car pursued during the chase. Additionally, the events of this incident occurred within a very short period of time. From the moment Lt. Hollobaugh first observed the small dark hatchback vehicle on Main Street to the time at which [Appellant] was detained was a matter of minutes.

[The] [c]ourt concurs with the jury verdicts that each material element of the crimes charged and the commission thereof by [Appellant] was proven beyond a reasonable doubt. The direct evidence provided by the officers' eyewitness accounts, as well as the circumstantial evidence of the exhibits links [Appellant] to the crime[s] beyond a reasonable doubt. [The] [c]ourt believes that the jury could determine the presence of that quantum of evidence necessary to establish the elements of the crimes. Further, the trial court may not change a verdict

- 8 -

based upon a redetermination of credibility or a reevaluation of the evidence. [The] [c]ourt also found that the evidence presented at trial, as it relates to the summary offenses, proved those offenses beyond a reasonable doubt.

(Trial Court Opinion, filed December 3, 2014, at 3-4) (internal citations and quotation marks omitted). The record supports the trial court's conclusions. Moreover, Appellant's conduct placed another individual in actual danger of death or serious bodily injury when Appellant recklessly turned onto a one-way street in the wrong direction, causing him almost to hit another vehicle headed in the opposite direction. **See Reynolds, supra**. Thus, there was sufficient evidence to support the finding that Appellant was the driver of the pursued vehicle and that he put another in danger of death or serious bodily injury when Appellant drove the wrong way on a one-way street and almost hit the oncoming vehicle. **See Hansley, supra**. Accordingly, Appellant's sufficiency of the evidence issues merit no relief.

In his final issue, Appellant argues his verdicts were against the weight of the evidence. Appellant claims his presumption of innocence was discarded in favor of Lieutenant Hollobaugh's insufficiently corroborated testimony. Appellant contends Lieutenant Hollobaugh's testimony lacked the adequate indicia of reliability to be considered as more than mere conclusory testimony. Appellant maintains there was no direct evidence or reliable testimony that proved he was driving the pursued vehicle. Appellant concludes this Court should reverse the judgment of sentence. We disagree.

The following principles apply to our review of a weight of the evidence claim:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> *Commonwealth v. Small*, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (most internal citations omitted).

Instantly, the court relied on its sufficiency analysis and determined:

> [T]he fact finders' guilty verdicts are not against the weight of the evidence as the verdicts are not "so contrary to the evidence as to shock one's sense of justice." It is clear from the verdicts rendered that the fact finders found the direct and circumstantial evidence presented at trial to be credible and established the elements of the offenses charged.

(Trial Court Opinion at 4). We accept the court's conclusions. Therefore, Appellant's weight of the evidence issue merits no relief. Accordingly, we affirm.

Judgment of sentence affirmed.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/2/2015