J-A28024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTOINE LAMAR WILSON | |
| Appellant | No. 1 EDA 2015 |

Appeal from the Judgment of Sentence December 3, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015851-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and SHOGAN, J.

MEMORANDUM BY PANELLA, J.                **FILED JANUARY 05, 2016**

Appellant, Antoine Lamar Wilson, appeals from the judgment of sentence entered December 3, 2014, in the Court of Common Pleas of Philadelphia County.  We affirm.

The trial court summarized the facts of this case as follows.

> On November 28, 2013, [Appellant's] family members were celebrating Thanksgiving at … [Appellant's] mother's home in Philadelphia.  [Appellant] went into the kitchen and began arguing with his sister, the complainant in this case, Atiya Wilson ("Ms. Wilson").  [Appellant] was upset that the mother of his children had been invited to Thanksgiving dinner.  During this argument, [Appellant] told Ms. Wilson that he was "strapped." He proceeded to pull a firearm from the waistband of his pants, point it at Ms. Wilson's head, and threatened to kill her. He then pointed the gun toward the living room where other family members were present and threatened to kill the father of Ms. Wilson's children.
>
> Ms. Wilson's teenage son Talik Monsonto ("Mr. Monsonto") testified that he first saw the firearm a few minutes before the argument started, when it slipped from the pocket of

[Appellant's] pants. Once [Appellant] began making threats, Mr. Monsonto went into the living room to get other family members. Together they pushed [Appellant] out of the house.

Moments later, [Appellant] reentered the house and returned to the kitchen. As he walked in, Ms. Wilson was in the process of calling the police. [Appellant] again pointed the firearm at Ms. Wilson and threatened to blow up the house if she made the call. Ms. Wilson dropped the phone and ducked to avoid the firearm's aim. During this time, Ms. Wilson's three-year-old daughter had come into the kitchen. After Ms. Wilson ducked, the firearm was pointed at the three-year-old. Family members were again able to safely get [Appellant] out of the house, this time locking the front door. Ms. Wilson called the police, who arrived approximately twenty minutes later. [Appellant] turned himself in to the police with his parole agent on December 5, 2013.

Trial Court Opinion, 3/17/15 at 2-3 (record citations omitted).

Following a bench trial, Appellant was convicted of persons not to possess firearms, firearms not to be carried without a license, carrying firearms on the streets of Philadelphia, possession of an instrument of crime, terroristic threats, simple assault, and recklessly endangering another person ("REAP").[1] The trial court sentenced Appellant to six to twelve years in prison, followed by ten years of probation. This timely appeal followed.

On appeal, Appellant raises the following issues for our review.

1. Was not the evidence insufficient to support appellant's conviction for carrying a firearm without a license, 18 Pa. C.S. § 6106, insofar as the Commonwealth failed to prove that appellant carried a firearm either in a vehicle or concealed on or about his person?

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 6108, 907(a), 2706(a)(1), 2701(a), and 2705, respectively.

2. Was not the evidence insufficient to support appellant's conviction for recklessly endangering another person, 18 Pa. C.S. § 2705, insofar as the Commonwealth failed to prove that appellant actually had the ability to inflict death or serious bodily injury?

Appellant's Brief at 3.

The following standard governs our review of a challenge to the sufficiency of the evidence.

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mauz*, 122 A.3d 1039, 1040-41 (Pa. Super. 2015) (citation omitted). "When reviewing for sufficiency of the evidence, an appellate court may not substitute its judgment for the jury's." *Commonwealth v. Mudrick*, 507 A.2d 1212, 1213 (Pa. 1986) (citation omitted). The factfinder, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *Commonwealth v. Valentine*, 101 A.3d 801, 805 (Pa. Super. 2014). Furthermore, the Commonwealth may sustain its burden by

means of wholly circumstantial evidence. **See Commonwealth v. Diggs**, 949 A.2d 873, 877 (Pa. 2008).

Appellant first argues that the evidence was insufficient to sustain his conviction of firearms not to be carried without a license because the Commonwealth failed to prove that he carried a firearm either in a vehicle or concealed on his person. We disagree.

A person is guilty of the offense of carrying a firearm without a license if he "carries a firearm in any vehicle or … carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license…." 18 Pa.C.S.A. 6106(a)(1).

At trial, Talik Monsonto testified that he first observed the firearm Appellant carried on his person when it "fell out of his pocket … like it fell down his pants." N.T., Trial, 11/22/14 at 14. Atiya Wilson further testified that, during the course of the argument, Appellant told her he was "strapped" and that he later pulled the firearm out and pointed it at her head. *Id*., at 23.

It was certainly reasonable for the trial court to infer from this testimony that, prior to revealing the weapon to Ms. Wilson and prior to the moment the firearm fell from Appellant's waistband, it was concealed on Appellant's person. There is no evidence that the firearm was visible

previously. We therefore find the evidence was sufficient to sustain Appellant's conviction for firearms not to be carried without a license.[2]

Appellant next claims that the evidence was insufficient to support his REAP conviction as the Commonwealth failed to establish that the firearm was loaded or in working order. We again disagree.

An individual commits the offense of REAP if he "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. Contrary to Appellant's assertion otherwise, the REAP statute does not require a loaded gun. A REAP conviction will be sustained where the circumstances show that Appellant "had an actual present ability to inflict harm and not merely the apparent ability to do so." *Commonwealth v. Cordoba*, 902 A.2d 1280, 1288 (Pa. 2006).

Herein, the circumstances reveal that Appellant not only informed Ms. Wilson that he was strapped, but angrily pointed the firearm at the victim's head and threatened that he would "blow up [the] house" if she called the police. N.T., Trial, 11/22/14 at 25. Appellant then proceeded to point the gun towards the victim's family and threatened to kill her children's father as well. *Id*., at 24. At this point, Appellant was forcibly removed from the

---

[2] Appellant does not contend that he possessed a valid license to carry the concealed firearm.

residence, only to return and again point the firearm at the victim and her three-year-old daughter. *See id*., at 28.

We find that Appellant's behavior—pointing the gun at the victim and her family, combined with his threats to "blow up" the house and to kill her children's father—supported an inference that Appellant had the actual ability to inflict harm. *See Commonwealth v. Rivera*, 503 A.2d 11 (Pa. Super. 1985) (*en banc*) (upholding REAP conviction where Commonwealth did not prove the gun was loaded, but evidence established that Appellant not only pointed gun at his victims but threatened and robbed them). This claim fails.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2016