J-A01023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANAE JONES | : | |
| | : | |
| Appellant | : | No. 1576 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006264-2021

BEFORE: LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                                    **FILED APRIL 24, 2023**

Appellant Danae Jones appeals from the judgment of sentence imposed following her convictions for recklessly endangering another person (REAP) and related offenses. On appeal, Appellant challenges the sufficiency of the evidence supporting her convictions. Following our review, we affirm.

The trial court summarized the underlying facts of this matter as follows:

> [Appellant was charged with multiple offenses] for her role in a two-day dispute between two families living on the 5500 block of Hadfield Street in Philadelphia. [Appellant] was charged with crimes against Alex Wise and his mother, Larenda Wise [(Mrs. Wise)] . . . .
>
> *      *      *
>
> The evidence at trial showed an incident on January 25, 2021 . . . . between [Mrs.] Wise and [Appellant's] father, Charles Clark. The Commonwealth adduced no evidence of misconduct by [Appellant] against [Mrs.] Wise.

Mrs. Wise's adult son, Alex Wise, lives with her. On January 26, 2021 [], Alex Wise left [his] home to go to a local convenience store. Wise testified credibly at trial that he encountered Clark and Clark's mother as he approached the corner of their block. Clark brandished a knife, and Clark's mother drew a Taser. Clark then called someone on his phone and directed that person to "get that s---." Wise turned around and walked back towards his home. Clark walked toward his own home, in the same direction. The two men argued as they walked toward their respective homes.

Wise noticed at that point that [Appellant] had come out of her house with a handgun held at her side. Wise split his attention between [Appellant] and Clark as he followed Clark to the base of the steps that [led] to Clark's house. [Appellant] then went into her home (she lived across the street from her father), appeared at her upstairs window, and pointed her handgun at Wise, finger on the trigger. [Appellant] testified that she did not intend to threaten or hurt anyone but was silent on the question whether her gun was loaded. Wise and Clark stopped arguing a few minutes later.

Trial Ct. Op., 9/6/22, at 3 (citations to the record omitted).

On March 28, 2021, the Commonwealth charged Appellant with two counts each of REAP, possession of an instrument of crime (PIC), simple assault, and conspiracy.[1,2] On March 17, 2022, the Commonwealth added another PIC charge relating to the incident involving Mrs. Wise. Following a bench trial on March 22 and June 3, 2022,[3] the trial court found Appellant guilty of the charges as to Alex Wise, but not guilty of the charges as to Mrs.

_____

[1] 18 Pa.C.S. §§ 2701(a), 2705, 907(a), and 903(a), respectively.

[2] The Commonwealth also charged Appellant with two counts of aggravated assault; however, the trial court quashed those two charges prior to trial.

[3] The trial in this matter was bifurcated so one of the Commonwealth's witnesses could appear to testify. N.T. Trial, 3/22/22, at 4-5, 53.

Wise. That same day, the trial court sentenced Appellant to one year of probation for each conviction, to be served concurrently.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for our review:

1. Was the evidence insufficient as a matter of law to support [Appellant's] conviction for simple assault in violation of 18 Pa.C.S. § 2701(a), where the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] attempted to cause, or intentionally, knowingly, or recklessly cause bodily injury to anyone, or attempted by physical menace to put another in fear of imminent serious bodily injury?

2. Was the evidence insufficient as a matter of law to support [Appellant's] conviction for [PIC] in violation of 18 Pa.C.S. § 907(a), where the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] ever possessed a long metal pipe or a knife, or otherwise possessed any instrument of crime, including a firearm with the intent to employ it criminally?

3. Was the evidence insufficient as a matter of law to support [Appellant's] conviction for conspiracy – possession of an instrument of crime – in violation of 18 Pa.C.S. § 903, where the bills of information never charged [Appellant] with conspiracy relating to the possession of an instrument of crime and where the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] conspired with another person to commit the objective crime charged, including assault?

4. Was the evidence insufficient as a matter of law to support [Appellant's] conviction for [REAP] in violation of 18 Pa.C.S. § 2705, where the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] recklessly engaged in conduct that placed or may have placed another person in actual danger of death or serious bodily injury or otherwise consciously disregarded a substantial and unjustifiable risk

that death or serious bodily injury would result from her conduct?

Appellant's Brief at 4-5 (some formatting altered).

All of Appellant's claims challenge the sufficiency of the evidence supporting her convictions. Our standard of review when presented with a sufficiency challenge is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing on the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Bragg*, 133 A.3d 328, 330-31 (Pa. Super. 2016) (citation omitted). Because a sufficiency of the evidence challenge raises a question of law, our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Mikitiuk*, 213 A.3d 290, 300 (Pa. Super. 2019).

- 4 -

**Simple Assault**

In her first claim, Appellant argues that the evidence was insufficient to sustain her conviction for simple assault. Appellant's Brief at 15. Specifically, Appellant contends that the Commonwealth failed to establish that she acted with specific intent to cause injury. *Id.* at 16. In support, Appellant asserts that "there were no words or threats ever uttered by [Appellant] or other circumstances evidencing her criminal intent to menace, as opposed to dissuade or protect." *Id.* at 17. Appellant also argues that she raised the issue of self-defense during her testimony at trial and that "the trial court found that [Appellant] likely had concerns for her safety" in light of the exchange between Alex Wise and Appellant's father the day before. *Id.* at 19. Finally, Appellant contends that the trial court expressly credited Appellant's testimony that she "displayed the gun while standing inside her front door so Alex [Wise] would not think about coming near her or her home while or after fighting with her father directly across the street," and she concludes that the "Commonwealth offered nothing to disprove this fear or the possibility that [she] was just trying to dissuade and protect." *Id.* at 20.

The Crimes Code defines simple assault, in relevant part, as an "attempt[] by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S. § 2701(a)(3).

This Court has explained:

> "The act of pointing a gun at another person can constitute simple assault as an attempt by physical menace to put another in fear of imminent serious bodily injury." *In re Maloney*, 636 A.2d 671, 674 (Pa. Super. 1994) (concluding simple assault under Section 2701(a)(3) established where driver pointed gun at another driver and said, "Get the f--- out of here").
>
> In *Commonwealth v. Little*, 614 A.2d 1146 (Pa. Super. 1992), this Court formally adopted the trial court's analysis regarding sufficiency of the evidence to prove simple assault by physical menace. The elements which must be proven are intentionally placing another in fear of imminent serious bodily injury through the use of menacing or frightening activity. *Id.* at 1151-55. Intent can be proven by circumstantial evidence and may be inferred from the defendant's conduct under the attendant circumstances. *Id.* at 1154.

*Commonwealth v. Reynolds*, 835 A.2d 720, 726 (Pa. Super. 2003) (some citations omitted and formatting altered). Further, when a defendant is charged with simple assault by physical menace for brandishing a firearm, the Commonwealth is not required to prove that the firearm was loaded. *See Commonwealth v. Gouse*, 429 A.2d 1129, 1133 (Pa. Super. 1981) (explaining that "to obtain convictions for the pointing of an unloaded firearm in situations where there was no actual danger of harm to the person allegedly endangered, the indictment or information should, at the outset, specifically charge the accused with simple assault pursuant to [Section] 2703(a)(3)").

With respect to self-defense, this Court has explained:

> [T]he elements of a claim of self-defense are that the individual (1) reasonably believed that force was necessary to protect [herself] against death or serious bodily injury; (2) was free from fault in provoking the use of force against him; and (3) did not violate any duty to retreat.

- 6 -

A defendant does not have a burden to prove a claim of self-defense. Once a defendant introduces some evidence to justify a finding of self-defense, then the issue is properly before the fact-finder and the Commonwealth bears the burden to disprove the defense beyond a reasonable doubt.

***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017) (citations omitted, formatting altered). In order for the Commonwealth to meet its burden of disproving a defendant's claim of self-defense, it need only disprove one of the above elements beyond a reasonable doubt. ***Commonwealth v. Green***, 273 A.3d 1080, 1085 (Pa. Super. 2022).

Here, at trial, Appellant testified that she stood inside her home brandishing a firearm because she "didn't want [Alex Wise] to even come near [her] or think about doing anything." N.T. Trial, 6/3/22, at 53-54. Appellant also confirmed that she walked out to the street while holding a firearm, and that Alex Wise did not point a firearm in her direction at any point. ***Id.*** at 55-56.

Before it announced its verdict, the trial court made the following finding regarding Appellant's testimony:

> [I]t's possible that if [Appellant] thought [her] father was being threatened that [she] would get a gun to protect [her] father. And so, you know, it's possible that that – I don't need to make this finding. Here she is in her house with her hand on the trigger. But before there's any threat to her father whatsoever, when her father – just in response to a phone call, get that s---, she comes out into the street with a handgun.

***Id.*** at 77.

In its Rule 1925(a) opinion, the trial court further explained:

- 7 -

Exhibit C-2 is a photograph that shows [Appellant] standing in the middle of her street, gun drawn. Exhibit C-1 is a photograph that shows [Appellant] at her second-floor window, pointing the gun at [Alex] Wise, finger on the trigger. [Appellant] testified at trial. She acknowledged she had appeared in the middle of her street . . . with a gun drawn.

Trial Ct. Op. at 6 (citations omitted).

Following our review of the record, and in viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that there was sufficient evidence to sustain Appellant's conviction for simple assault by physical menace. **See Bragg**, 133 A.3d at 330-31. Although the trial court sitting as the finder of fact credited some of Appellant's testimony, the trial court also noted that Appellant brought her gun out to the street before there was any threat to Appellant or her father. **See** N.T. Trial, 6/3/22, at 77. Therefore, the record reflects that the Commonwealth established that Appellant was not free from fault in provoking the incident at issue. **See Green**, 273 A.3d at 1085; **Miller**, 172 A.3d at 640.

Additionally, as noted previously, the Commonwealth presented evidence that Appellant pointed a firearm at Alex Wise with her finger on the trigger, thereby placing Alex Wise in fear of imminent serious bodily injury. Therefore, we conclude that there was sufficient evidence supporting Appellant's simple assault conviction. **See Reynolds**, 835 A.2d at 726 (reiterating that the act of pointing a firearm at another person is sufficient to prove simple assault under Section 2701(a)(3)). Accordingly, Appellant is not entitled to relief.

**Possession of an Instrument of Crime**

Appellant also challenges the sufficiency of the evidence supporting her conviction for PIC. Appellant's Brief at 23. Specifically, Appellant argues that "there was insufficient evidence to support the finding beyond a reasonable doubt that the defendant employed the firearm criminally, especially if she did not commit an assault or recklessly endanger anyone." Appellant's Brief at 23 (citations omitted).

PIC is defined as possession of "any instrument of crime with intent to employ it criminally." 18 Pa.C.S. § 907(a). The Crimes Code defines "instrument of crime" as "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S. § 907(d).

Here, as noted by the trial court, the Commonwealth introduced a photograph into evidence of Appellant pointing a firearm at Alex Wise. *See* Trial Ct. Op. at 6-7. Further, as discussed previously, the act of pointing a firearm at another person is sufficient to prove the elements of simple assault. *See Reynolds*, 835 A.2d at 726. On this record, and viewing the evidence in the light most favorable to the Commonwealth, we conclude that there was sufficient evidence establishing that Appellant used a firearm with the intent of using it for a criminal purpose. *See* 18 Pa.C.S. § 907(a); *Bragg*, 133 A.3d at 330-31. Therefore, Appellant is not entitled to relief on this claim.

## Criminal Conspiracy

Appellant also challenges the sufficiency of the evidence supporting her conviction for criminal conspiracy to commit simple assault.[4]  Appellant's Brief at 24.  Appellant argues that the trial court engaged in "guesswork and speculation" to convict Appellant of conspiracy because Appellant "did nothing with the handgun as she stood outside her home other than to hold it down to her side and then scurry into her house when the fight between Alex [Wise] and [Clark] drew closer to her home." *Id.* at 25.

"A person is guilty of conspiracy with another person . . . to commit a crime if with the intent of promoting or facilitating its commission [s]he agrees with such other person . . . that they or one or more of them will engage in conduct which constitutes such crime[.]"  18 Pa.C.S. § 903(a)(1).

Further, as this Court has noted:

> The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished.  Therefore, a conviction for conspiracy requires proof of the existence of a

_____

[4] In her brief, Appellant has included argument and analysis challenging her conviction for conspiracy to commit simple assault.  However, Appellant notes that the trial court's written sentencing order reflects that Appellant was convicted of conspiracy to commit PIC.  *See* Appellant's Brief at 24.  After reviewing the record in its entirety, we conclude that the charge reflected on the written sentencing order was an error, and that Appellant was actually charged with and convicted for conspiracy to commit simple assault.  *See* Criminal Information, 7/15/21, at 1; *see also* N.T. Trial, 6/3/22, at 77-78 (reflecting the trial court's guilty verdict for conspiracy to commit simple assault).  As such, we will review Appellant's sufficiency claim as it pertains to her conviction for conspiracy to commit simple assault.

shared criminal intent. An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Even if the conspirator did not act as a principal in committing the underlying crime, [s]he is still criminally liable for the actions of [her] co-conspirators taken in furtherance of the conspiracy.

*Commonwealth v. Johnson*, 180 A.3d 474, 479 (Pa. Super. 2018) (citations omitted and formatting altered).

In the instant case, the trial court addressed Appellant's conspiracy conviction as follows:

The evidence showed [Appellant] conspired with her father to assault Alex Wise. [Alex] Wise testified credibly that Clark called someone on the phone when [Alex] Wise and Clark argued on the street corner on [January 26, 2021]. [Alex] Wise heard Clark tell the other person on the line to "get that s---." [Appellant] appeared in the street a few minutes later with a handgun, and later pointed it at [Alex] Wise with her finger on the trigger. The [trial court] inferred from this sequence of events that (1) Clark was speaking with [Appellant] when he told someone to "get that s---," (2) [Appellant] understood Clark to mean she should get her handgun, and (3) [Appellant] agreed with Clark to use the handgun to intimidate [Alex] Wise. This evidence supports a conviction of conspiracy to commit simple assault in violation of 18 Pa.C.S. § 903(a).

Trial Ct. Op. at 5 (formatting altered).

Based on our review of the record, and in viewing the evidence in the light most favorable to the Commonwealth, we conclude that there was

sufficient evidence establishing Appellant's guilt for conspiracy to commit simple assault. ***See Bragg***, 133 A.3d at 330-31. As noted by the trial court, the Commonwealth presented circumstantial evidence that Appellant and Clark agreed to intimidate Alex Wise through the use of a firearm. ***See*** 18 Pa.C.S. § 903(a); ***Johnson***, 180 A.3d at 479. Accordingly, Appellant is not entitled to relief on this claim.

### Recklessly Endangering Another Person

In her final claim, Appellant challenges the sufficiency of the evidence supporting her conviction for REAP. Appellant's Brief at 21. Initially, Appellant notes that the mere act of pointing an unloaded gun at a person is insufficient to prove the elements of REAP. ***Id.*** (citing ***Gouse***, 429 A.2d at 1131). In the instant case, Appellant asserts that the trial court found her guilty of REAP because she brought "a loaded handgun out on the street" and later pointed that gun out of her second-floor window, which was reckless conduct that "created an actual danger of death or serious bodily injury[.]" Appellant's Brief at 22. However, Appellant argues that the Commonwealth failed to present any evidence establishing that the gun was loaded. Further, Appellant argues that although the trial court found that "the handgun must have been loaded[,] there was no evidence to support this conclusion." ***Id.***

The Commonwealth responds that "the evidence was sufficient to allow the reasonable inference that [Appellant] placed others in danger of death or serious bodily injury." Commonwealth's Brief at 9. In support, the

Commonwealth relies on Mrs. Wise's trial testimony that "'a loaded firearm' prevented [Alex Wise] from returning to his home." *Id.* at 9. The Commonwealth also refers to Alex Wise's testimony from the preliminary hearing where he stated that Appellant's father "'was continually egging her on to **use** the firearm,' which suggests he had reason to believe that the gun was usable and the weapon was loaded." *Id.* (citing N.T. Trial, 3/22/22, at 44; N.T. Preliminary Hr'g, 7/12/21, at 14) (emphasis added).[5] Finally, the Commonwealth notes that this Court has affirmed REAP convictions in cases where there was no "definitive confirmation that a wielded gun was loaded." *Id.* at 9-10 (citing *Commonwealth v. Rivera*, 503 A.2d 11 (Pa. Super. 1985) (*en banc*); *Commonwealth v. Holguin*, 385 A.2d 1346 (Pa. Super. 1978) (*en banc*); *Commonwealth v. Hartzell*, 988 A.2d 141 (Pa. Super. 2009)).

The Crimes Code defines REAP as follows: "a person commits a misdemeanor of the second degree if [s]he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705.

This Court has explained:

---

[5] The record reflects that the trial court admitted a copy of the transcript from the preliminary hearing. *See* N.T. Trial, 6/3/22, at 56-58. Because our standard of review requires that we review all evidence admitted at trial, we may review the contents of the preliminary hearing transcript. *See Bragg*, 133 A.3d at 330.

> To sustain a conviction for recklessly endangering another person, the Commonwealth must prove that the defendant had an actual present ability to inflict harm and not merely the apparent ability to do so. Danger, not merely the apprehension of danger, must be created. The *mens rea* for recklessly endangering another person is a conscious disregard of a known risk of death or great bodily harm to another person. Brandishing a **loaded** firearm during the commission of a crime provides a sufficient basis on which a fact-finder may conclude that a defendant proceeded with conscious disregard for the safety of other[s], and that [s]he had the present ability to inflict great bodily harm or death.

*Commonwealth v. Martuscelli*, 54 A.3d 940, 949 (Pa. Super. 2012) (citations omitted, formatting altered, and emphasis added). Additionally, the "mere apparent ability to inflict harm is not sufficient for a conviction under section 2705, and the pointing of an unloaded weapon, without more, does not constitute recklessly endangering." *Gouse*, 429 A.3d at 1131 (citations omitted).

However, this Court has acknowledged that we may sustain a REAP charge involving an unloaded gun where "the circumstances surrounding the pointing of the gun were so inherently dangerous that the required common law element of actual danger of harm was proven despite the fact that the gun was unloaded." *Id.*; *see e.g.*, *Rivera*, 503 A.2d at 12-13 (concluding that it was unnecessary for the Commonwealth to prove that the defendant's gun was loaded in a REAP case where the evidence demonstrated that the victims in a home invasion "were in 'actual' danger, not merely 'apparent' danger, from the pointed gun and [] the robbers were in a position whereby they could, in fact, shoot the victims of the robbery"); *Holguin*, 385 A.2d at

- 14 -

1353 (finding sufficient evidence for REAP where the defendant pointed a gun into a crowded bar because, although there was no evidence that the defendant's gun was loaded, the defendant created a significant risk of retaliation with gunfire by either employees or patrons of the bar); *Hartzell*, 988 A.2d at 144 (finding sufficient evidence for REAP where the defendant fired a gun, and stating that "it is not difficult to conclude that the actual discharging of a weapon numerous times in the vicinity of others constitutes a sufficient danger to satisfy the REAP statute").

We find that the facts of the instant case are analogous to *Holguin*, *Rivera*, and *Hartzell*. The Commonwealth presented evidence of escalating hostilities between Clark and the Wises. Indeed, the trial court heard testimony that Clark struck Mrs. Wise in the face with a metal pipe the day before the incident at issue in the instant case. N.T. Trial, 3/22/22, at 13. Alex Wise further testified that before Appellant pointed a gun at him, he encountered Clark and Clark's mother, both of whom were armed with a knife and Taser, respectively, on the street. N.T. Trial, 6/3/22, at 17-18. At the time of this encounter, Wise testified that Clark made a phone call directing the recipient of the call to "get that s---." *Id.* at 18. Based on these facts, we find that Appellant's pointing a gun at Wise increased the likelihood of potential retaliation from other residents in the neighborhood. *See Holguin*, 385 A.2d at 1353.

Additionally, the Commonwealth presented evidence that Clark was encouraging Appellant to shoot Wise. Specifically, Wise testified as follows:

- 15 -

Actually [Clark] was continually egging [Appellant] on to use the firearm. He was saying, you know, ["]Shoot that f-----.["] Like talking about me and stuff about killing him. I was trying to stay home that day because there was an incident the day before that kind of ties into this.

N.T. Preliminary Hr'g, 7/12/21 at 14. Further, Wise testified that Appellant was screaming inaudibly during this incident. *Id.* at 16. We find that a factfinder may reasonably infer from this evidence that Appellant possessed the ability to shoot Wise. *See Rivera*, 503 A.2d at 12-13. Finally, the evidence introduced at trial reflects that this incident took place in an urban neighborhood in the City of Philadelphia consisting of a narrow street with rowhomes on each side. *See* Commonwealth's Exhibit 1 and 2. A factfinder could reasonably infer if Appellant fired her gun, the bullets could potentially hit bystanders. *See Hartzell*, 988 A.2d at 145.

While our review of Appellant's sufficiency of the evidence challenge is *de novo*, we cannot overlook the troubling misinterpretation of fundamental legal principles inferred by the trial court in its 1925(a) opinion. When addressing Appellant's REAP conviction, the trial court observed:

[At trial, Appellant] was silent on the question of whether the gun was loaded.

Appellant knew her ability to harm [Alex] Wise was at issue at trial. She testified on direct examination that she did not intend to hurt or threaten him. **She had every incentive to testify that the gun was unloaded if that had been the case. But she did not. The [trial court], sitting as the factfinder, reasonably inferred from her failure to address this issue that [Appellant] had pointed a loaded gun.**

- 16 -

Trial Ct. Op. at 7 (citations omitted and emphasis added). We are concerned that this analysis improperly articulates a shifting of the burden to prove guilt from the Commonwealth to Appellant. **See generally** U.S. Const. amend. V; Pa. Const., art. I, § 9. Clearly, Appellant testified at trial and chose not to exercise her constitutional right to remain silent, but by doing so she did not assume the burden to prove herself not guilty. The trial court as factfinder in a bench trial certainly was entitled to assess her credibility like any other witness but could not require Appellant to disprove the charges against her.

We note that it is axiomatic that in a criminal proceeding, the Commonwealth bears the burden of proving a defendant's guilt beyond a reasonable doubt. "Of course, the burden of proving [a] defendant's guilt beyond a reasonable doubt never shifts . . . ." **Commonwealth v. Bryson**, 120 A. 552, 555 (Pa. 1923) (citation omitted); **see also Patterson v. New York**, 432 U.S. 197, 208 (1977) (stating that "[t]he requirement of proof beyond a reasonable doubt in a criminal case is 'bottomed on a fundamental value determination of our society that it is far worse to convict an innocent man than to let a guilty man go free'" (quoting **In re Winship**, 397 U.S. 358, 372 (1970) (Harlan, J., concurring)). Although the trial court's comments were troubling, the totality of the evidence presented in the record supports its inference that the gun was loaded, including a photo of Appellant at her front door, pointing a gun at Wise with her finger on the

trigger. N.T. Trial, 6/3/22, at 25-26, 83-84; Commonwealth Exhibit 1; Trial Court Op. at 3.

For these reasons, following our review of the record, and in viewing the light most favorable to the Commonwealth, we conclude that the Commonwealth presented sufficient evidence to sustain Appellant's conviction for REAP as well as the other related offenses discussed herein. *See Patterson*, 432 U.S. at 208; *Bryson*, 120 A. at 555; *Bragg*, 133 A.3d at 330-31.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2023